■ In the Matter of NEW YORK CITY ASBESTOS LITIGATION. THERESA WARREN, Respondent, v AMCHEM PRODUCTS, INC., et al., Defendants, and J-M MANUFACTURING COMPANY, INC., Appellant. [58 NYS3d 302]—

Order, Supreme Court, New York County (Peter H. Moulton, J.), entered July 20, 2016, which denied defendant J-M Manufacturing Company, Inc.'s (J-M) motion to vacate the special master's recommendations finding that J-M had waived attorney-client privilege as to a redacted and unredacted document, and to seal all briefing and exhibits relating to the motion, unanimously modified, on the law and the facts, to grant the motion to the extent of vacating the recommendation's finding that J-M had waived the attorney-client privilege as to the unredacted document, and otherwise affirmed, without costs.

The documents at issue are two versions of a memorandum created by in-house counsel for J-M in the 1980's. In 2003, J-M's litigation counsel discovered the inadvertent disclosure of the unredacted version of the memorandum. In response to correspondence demanding its return, plaintiff's counsel forwarded the document and advised that it had not been disseminated to anyone outside of their firm. Nevertheless, that memorandum, as well as a redacted version of that memorandum, continued to appear in various litigation throughout the country. Plaintiff argued, and the special master and motion court agreed, that, in light of various concessions and actions on the part of J-M over the years, J-M had waived any privilege it once had in either the redacted, or the unredacted, version of the memo.

New York law applies here (see *JP Morgan Chase & Co. v Indian Harbor Ins. Co.*, 98 AD3d 18, 25 [1st Dept 2012], *lv denied* 20 NY3d 858 [2013]). Thus, J-M has the burden to show that it had not waived the privilege (see *New York Times Newspaper Div. of N.Y. Times Co. v Lehrer McGovern Bovis*, 300 AD2d 169, 172 [1st Dept 2002]). Although J-M argues that its multiple concessions that the redacted memorandum had been voluntarily disclosed resulted solely from misrepresentations by counsel for the plaintiff in a prior action, its evidence in this regard is insufficient to meet its burden.

J-M, however, showed that it had not waived the privilege as to the unredacted memo. J-M continually objected to the use of the unredacted version. The public availability of the document and J-M's lack of success in obtaining a protective order does not warrant a finding that J-M waived the privilege (see *John Blair Communications v Reliance Capital Group*, 182 AD2d 578, 579 [1st Dept 1992]).

There is no basis to seal the appellate record and briefs, as the unredacted document is not included in the record or briefs

(*see* 22 NYCRR 216.1). Concur—Acosta, P.J., Richter, Feinman, Webber and Kahn, JJ.