Vergara v Mission Capital Advisors, LLC (2020 NY Slip Op 05610)





Vergara v Mission Capital Advisors, LLC


2020 NY Slip Op 05610


Decided on October 08, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 08, 2020

Before: Renwick, J.P., González, Kennedy, Mendez, JJ. 


Index No. 656441/19 Appeal No. 12017N Case No. 2020-02083 

[*1]Luis Vergara, Plaintiff-Appellant,
v
Mission Capital Advisors, LLC, et al., Defendants-Respondents.


Stadtmauer & Associates, New York (Marc A. Stadtmauer of counsel), for appellant.
Hoguet Newman Regal & Kenney, LLP, New York (Damian R. Cavaleri of counsel), for respondents.



Order, Supreme Court, New York County (Arthur F. Engoron, J.), entered November 29, 2019, which, upon defendants' motion, directed the Clerk to seal the file of this action, unanimously reversed, on the law and the facts, with costs, the motion denied, the sealing order vacated, and the Clerk of this Court is directed to unseal the order dismissing the action.
Although the action was dismissed after this appeal was perfected, this appeal, which addresses the propriety of the sealing order, is not moot to the extent that the dismissal order, which is on appeal, is under seal pursuant to the sealing order.
We reverse the order of the motion court for two reasons. First, the motion court erred by sealing the entire court file. As we have previously explained, "We recognize that it may be easier for the parties and the motion court to seal an entire court record, rather than make a determination on a document by document basis about sealing, but administrative convenience is not a compelling reason to justify sealing" (Maxim Inc. v Feifer, 145 AD3d 516, 518 [1st Dept 2016]). Indeed, "In camera review and appropriate redaction is a valid method of protecting trade secrets" (Danco Labs. v Chemical Works of Gedeon Richter, 274 AD2d 1, 8 [1st Dept 2000]).
Second, defendants failed to meet their burden of showing grounds for protecting from public access any or all of the information in Exhibit A to the complaint, let alone the entire court record. They failed to show that Exhibit A, or any other document likely to become part of the record, contains trade secrets, confidential business information, or proprietary information (see Norddeutsche Landesbank Girozentrale v Tilton, 165 AD3d 447, 449 [1st Dept 2018]; Mosallem v Berenson, 76 AD3d 345 [1st Dept 2010]). 
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 8, 2020