Marullo v Amchem Prods., Inc. (2021 NY Slip Op 06766)





Marullo v Amchem Prods., Inc.


2021 NY Slip Op 06766


Decided on December 02, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 02, 2021

Before: Webber, J.P., Friedman, Oing, Shulman, Pitt, JJ. 


Index No. 190426/14 Appeal No. 14731 Case No. 2020-03324 

[*1]John Marullo, Jr., et al., Plaintiffs-Respondents,
v
Amchem Products, Inc., et al., Defendants, J-M Manufacturing Company, Inc., Defendant-Appellant.


Manning Gross + Massenburg, LLP, New York (Anna Hwang of counsel), for appellant.
Weitz & Luxenberg, P.C., New York (Jason P. Weinstein of counsel), for respondents.



Order, Supreme Court, New York County (Margaret A. Chan, J.), entered on or about July 6, 2020, which denied defendant J-M Manufacturing Company, Inc.'s motion to seal certain documents, unanimously modified, on the law and the facts, to place under seal copies of a certain document previously deemed privileged by this Court, and otherwise affirmed, without costs.
This Court previously determined that the legal memorandum at issue, created by in-house counsel for J-M in the 1980s, was privileged but that J-M had waived the privilege with respect to a redacted version of the memorandum (Matter of New York City Asbestos Litig., 151 AD3d 550 [1st Dept 2017], lv dismissed 30 NY3d 1055 [2018]). Thus, J-M's arguments concerning privilege with respect to the redacted version, advanced under the guise of a motion to seal, are barred by collateral estoppel (see Buechel v Bain, 97 NY2d 295, 303-405 [2001], cert denied 535 US 1096 [2002]). They are also unavailing. The Full Faith and Credit Clause of the United States Constitution does not compel this State to substitute the decisions of other states for its own decisions on privilege issues (see JP Morgan Chase & Co. v Indian Harbor Ins. Co., 98 AD3d 18, 25 [1st Dept 2012], lv denied 20 NY3d 858 [2013]).
J-M failed to show that good cause existed to seal all court records that included or described the redacted memo (see 22 NYCRR 216.1; see e.g. Mosallem v Berenson, 76 AD3d 345, 350 [1st Dept 2010]; Applehead Pictures LLC v Perelman, 80 AD3d 181, 191-192 [1st Dept 2010]). However, the unredacted memo, since it is privileged, should be sealed.
The settlement of this action did not render the issue of sealing filed documents moot (see New York State Commn. on Jud. Conduct v Rubenstein, 23 NY3d 570 [2014]; see also Vergara v Mission Capital Advisors, LLC, 187 AD3d 495 [1st Dept 2020]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 2, 2021