Oleair, LLC v Embraer Exec. Aircraft, Inc. (2024 NY Slip Op 50675(U))

[*1]

Oleair, LLC v Embraer Exec. Aircraft, Inc.

2024 NY Slip Op 50675(U)

Decided on June 7, 2024

Supreme Court, New York County

Reed, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on June 7, 2024
Supreme Court, New York County

Oleair, LLC, Plaintiff,

against
Embraer Executive Aircraft, Inc., Defendant.

Index No. 653393/2021

Robert R. Reed, J.

The following e-filed documents, listed by NYSCEF document number (Motion 001) 4, 5, 6, 7, 8, 9, 10, 11, 12 were read on this motion to SEAL.
This is an action involving a dispute regarding the purchase of an aircraft. Plaintiff Oleair moved, pursuant to 22 NYCRR 216.1, requesting leave to file the complaint under seal (NYSCEF doc. no. 11). For the foregoing reasons, this motion is denied.
Pursuant to 22 NYCRR § 216.1 (a), a court is empowered to seal court records "upon a written finding of good cause." Because confidentiality is the exception and not the rule, 'the party seeking to seal court records has the burden to demonstrate compelling circumstances to justify restricting public access (Maxim, Inc. v Feifer, 145 AD3d 516, 517 [1st Dept 2016] [internal citation omitted], quoting Mosallem v Berenson, 76 AD3d 345, 349 [1st Dept 2010]). The movant must "overcome the broad presumption of public entitlement to judicial proceedings and court records" (Norddeutsche Landesbank Girozentrale v Tilton, 165 AD3d 447, 448-449 [1st Dept 2018] [affirming trial court's denial of sealing order for financial information which "[did] not involve trade secrets or information that could result in a competitive disadvantage"]; Applehead Pictures LLC v Perelman, 80 AD3d 181, 191-192 [1st Dept 2010] [benefit of public access presumed and sealing allowed only for "compelling objectives"]). 
Sealing may be permissible if disclosure could be harmful to a party and would not serve a legitimate public purpose, and "no alternative to sealing can adequately protect the threatened interest" (Mancheski v Gabelli Group Capital Partners, 39 AD3d 499, 502 [2d Dept 2007]; see e.g. Jetblue Airways Corp. v Stephenson, 31 Misc 3d 1241(A), 2010 NY Slip Op 52405 *7 [Sup Ct, NY County 2010], affd 88 AD3d 567 [1st Dept 2011] [sealing permitted of "sensitive proprietary and business information" where "[t]he parties ha[d] an interest in protecting these documents and there [wa]s no countervailing public interest that would be furthered by their disclosure"]). Neither the potential for embarrassment or damage to reputation, nor the general desire for privacy, constitutes good cause to seal court records (Mosallem, 76 AD3d at 351). 
Here, plaintiff states only that the complaint contains "private business deals" between the parties, and that "public disclosure of this information could threaten the parties' respective competitive positions" (NYSCEF doc. no. 7, para.7). The contract, which purportedly contains the "sensitive" proprietary information, was admittedly not attached to the complaint, but [*2]allegedly contains technical descriptions that plaintiff asserts should not be available to the public (id.).
Plaintiff's vague and conclusory assertions are insufficient to meet its burden on this motion. Plaintiff does not explain how or why the filing of the complaint, which does not attach the purportedly sensitive contract, might cause potential harm. Concerning commercial matters, the movant must demonstrate that the material it seeks to have sealed contains trade secrets, confidential business information, or sensitive proprietary information (Vergara v Mission Capital Advisors, LLC, 187 AD3d 495, 496 [1st Dept 2020] [reversing trial court sealing order]; Norddeutsche Landesbank,165 AD3d at 449). Such materials and information generally would involve closely guarded information about current or future business plans or strategies, the disclosure of which likely would provide an advantage to a competitor (see Mancheski, 39 AD3d at 503). Here, no such information appears to be at issue. Even though the motion is unopposed, the court is required to make its own inquiry to determine whether sealing is warranted (see Applehead Pictures, 80 AD3d at 181). 
Accordingly, it is hereby
ORDERED that the motion by plaintiff to seal the complaint is denied.
DATE June 7, 2024
ROBERT R. REED, J.S.C.