OPINION OF THE COURT
Edward J. Greenfield, J.
Motions numbered 4 and 46 on the Part 4 Calendar of November 27, 1990 are consolidated for disposition.
In motion 4, defendants move by order to show cause for an order sealing the record of all proceedings and filings by the parties in this action with access thereto to be limited to the parties, their attorneys and authorized court personnel. In motion 46, plaintiff moves for an order pursuant to CPLR 7503 (c) staying the arbitration commenced before the American Arbitration Association by defendants and defendants cross-move for an order: (1) staying this action commenced by plaintiff; (2) compelling arbitration of plaintiff’s claims pursuant to CPLR 7501 and 7503 (a); and (3) imposing sanctions against plaintiff pursuant to 22 NYCRR 130-1.1.
After oral argument and a review of the various submissions by the parties, the motion by plaintiff to stay arbitration is denied and the cross motion by defendants to stay this action and compel arbitration is granted.
While the plaintiff’s notice of motion states the grounds upon which a stay of arbitration is sought as being based upon the fact that "a valid agreement to arbitrate the issues raised by such arbitration proceeding was not made”, it is clear that plaintiff was a signatory to a partnership agreement executed by him as of July 1, 1984 containing therein the following provision: "26. Arbitration. Any and all disputes and controversies arising out of or in connection with this agreement shall be determined by arbitration before three arbitrators, in the City of New York in accordance with and pursuant to the then existing rules of the American Arbitration Association and judgment upon any award may be entered in any court having jurisdiction thereof.”
On August 14, 1990, plaintiff commenced this action in *814 connection with his departure as a partner from defendant law firm. The complaint seeks, inter alia:
a. A judicial dissolution of defendant law firm pursuant to Partnership Law § 63 (1) (c), (d) and (f>;
b. An accounting by defendants Edward Labaton and E. Robert Goodkind of the management of the defendant law firm’s assets based upon their breach of fiduciary duties under section 43 of the Partnership Law;
c. A declaration that the 1984 agreement has been abrogated by the parties, that defendant law firm has in fact been dissolved, and that the 1984 agreement is not determinative of the compensation due plaintiff for his interest in defendant.
d. An order directing Edward Labaton and E. Robert Good-kind to immediately furnish reports which accurately reflect amounts paid to plaintiff by defendant law firm in 1989.
Subsequently, on or about August 20, 1990, defendant Good-kind, Labaton & Rudoff (formerly Goodkind, Wechsler, Labaton & Rudoff) served a demand and claim for arbitration requesting an award: (1) declaring the partnership agreement valid and binding all signatories thereto, including plaintiff, and that the relevant provisions thereof govern plaintiff’s withdrawal from the firm; (2) declaring plaintiff ceased to be a partner in defendant law firm as of January 31, 1989; (3) directing return of all moneys paid to plaintiff in excess of that which he is entitled to under the partnership agreement; (4) declaring plaintiff has breached his fiduciary duties to defendant law firm and awarding compensatory damages; and (5) awarding defendant law firm its costs and expenses, including legal fees, in connection with the arbitration and "in obtaining dismissal of Feffer’s improperly filed state court litigation.”
Without question, the issue of whether an agreement containing a broad arbitration clause as is present in the 1984 agreement executed by plaintiff has been abrogated is an issue to be determined by arbitration since this ground "involve[s] matters which postdate the existence of a valid agreement and do[es] not affect arbitrability. Abandonment of the contract 'is a question intimately related to performance because, a fortiori, it is premised on the nonfulfillment of contractual obligations and the failure to accomplish the terms of the agreement’ and thus it must be decided in arbitration”. (Matter of Cassone, 63 NY2d 756, 758-759.)
Plaintiff’s arguments that the arbitrability of whether the *815 agreement has been abrogated is irrelevant since plaintiff asks for statutory dissolution of the partnership agreement and damages for breach of fiduciary duty are unavailing. Both of these issues are specifically dealt with in the partnership agreement which provides for the exclusive method by which the defendant law firm is to be dissolved and for damages for "gross wrongdoing”, i.e., breach of fiduciary duty.
Thus, in addition to the fact that what plaintiff seeks is a greater amount of partnership assets than he may be entitled to under the partnership agreement, the issues plaintiff seeks to litigate are subject to arbitration in the event the partnership agreement has not been abrogated, an issue itself subject to arbitration.
Accordingly, plaintiff’s motion to stay the arbitration commenced by defendants is denied and the cross motion by defendants to compel arbitration and stay this action is granted. Further, having advised plaintiff’s attorneys that upon a finding that arbitration was warranted under the circumstances presented to the court at oral argument, sanctions would be imposed, the court imposes costs of $1,500 payable by plaintiff to defendants as attorneys’ fees and $1,000 in sanctions payable by plaintiff’s attorneys both of which amounts are awarded pursuant to part 130 of the Uniform Rules for the New York State Trial Courts (22 NYCRR).
With respect to defendants’ motion to seal the file, the court is well aware of the controversy surrounding the sealing of court files involving matters of "substantial public interest.” (See, NYLJ, Dec. 10, 1990, at 1, col 3.) The new court rule which was adopted (22 NYCRR 216.1) calls for a "presumption of openness”, but permits a court to seal a file for good cause. However, litigants ought not be required to wash their dirty linen in public and subjected to public revelation of embarrassing material where no substantial public interest is shown and where the material may have been inserted into court documents for the sole purpose of extracting a settlement of the action. In this action, since the matter properly belongs in arbitration, the court has no hesitancy in sealing the file inasmuch as the material filed with the court belongs not in the court, but in the files of the arbitrating body before whom the arbitration is to be held. Moreover, the material sought to *816 be sealed for the most part involves the internal finances of defendants’ law firm and is of minimal public interest.
By reason of the foregoing, defendants’ motion to seal the record of all proceedings herein with access thereto restricted to the parties, their counsel and authorized court personnel is granted.