Matter of Cyprium Therapeutics, Inc. (Curia Global, Inc.) (2024 NY Slip Op 00115)

Matter of Cyprium Therapeutics, Inc. (Curia Global, Inc.)

2024 NY Slip Op 00115

Decided on January 11, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:January 11, 2024

CV-23-0428
[*1]In the Matter of the Arbitration between Cyprium Therapeutics, Inc., Respondent, and Curia Global, Inc., Appellant.

Calendar Date:November 21, 2023

Before:Garry, P.J., Lynch, Ceresia, Fisher and Powers, JJ.

Vedder Price, Chicago, Illinois (Richard Tilghman, admitted pro hac vice, of counsel), and Nixon Peabody LLP, Albany (Daniel J. Hurteau of counsel), for appellant.
DLA Piper LLP, New York City (Steven M. Rosato of counsel), for respondent.

Ceresia, J.
Appeal from an order of the Supreme Court (Richard M. Platkin, J.), entered February 27, 2023 in Albany County, which, among other things, in a proceeding pursuant to CPLR article 75, denied respondent's application to seal the record permanently.
Petitioner is a biotechnology company that has developed a novel therapy for Menkes disease, a rare but severe childhood illness for which there is currently no treatment approved by the federal Food and Drug Administration (hereinafter FDA). The injectable drug that petitioner seeks to bring to market, known as Copper Histidinate, has been shown to increase patients' average life expectancy from just 16 months to nearly 15 years. Beginning in 2017, petitioner contracted with respondent's predecessor in interest, and eventually with respondent, to produce batches of the drug for clinical trials. Following the trials, petitioner began preparing to submit a new drug application for the FDA's approval, which would require that the drug be produced by a commercial manufacturer. In anticipation of becoming the commercial manufacturer of the drug, respondent accordingly began investing in upgrades to its production facility. In December 2021, pursuant to a master services agreement (hereinafter MSA) with petitioner, together with two work orders, respondent agreed to manufacture two batches of the drug to confirm that the facility modifications had not adversely affected the quality of the drug. However, disagreements surfaced as to the purpose of the two batches and the standards by which they would be measured, and the parties also disputed the significance of production delays and quality issues that arose. In June 2022, respondent informed petitioner that it was terminating the MSA due to petitioner's purported material breaches — specifically, petitioner's failure to pay two invoices as well as its filing of certain documents with the FDA without first obtaining respondent's approval. Petitioner demanded that respondent rescind the termination and continue performing under the MSA, and the parties then attempted to negotiate a resolution without success.
In August 2022, anticipating that the parties would soon arbitrate their dispute, petitioner commenced the instant proceeding under temporary seal, seeking to enjoin respondent from ceasing performance of its contractual obligations pending arbitration. Supreme Court eventually granted petitioner's application for a preliminary injunction, but while the proceeding was pending, respondent moved to permanently seal 32 docket entries and redact 18 others (hereinafter the September proposal) on the ground that they contained confidential business information. Following review, the court expressed concern that the September proposal was overbroad and suggested that respondent more narrowly tailor it. Accordingly, respondent submitted a second application, this time seeking to seal 30 docket entries and redact 42 others (hereinafter the November proposal). Petitioner [*2]opposed sealing, arguing that the public interest in the proceeding outweighed respondent's desire for confidentiality. Respondent then took the position that the entire record should be sealed or, in the alternative, that the court should accept either the September proposal or the November proposal. The court ultimately ruled that the complete docket should be unsealed. However, the court stayed that ruling for approximately three weeks to allow respondent to pursue an appellate remedy. Within that period, respondent sought and obtained from this Court a stay pending appeal. We now address respondent's appeal.
"It is well established that there is a presumption that the public has a right of access to the courts to ensure the actual and perceived fairness of the judicial system, as the bright light cast upon the judicial process by public observation diminishes the possibilities for injustice, incompetence, perjury, and fraud" (Manufacturers & Traders Trust Co. v Client Server Direct, Inc., 156 AD3d 1364, 1365 [4th Dept 2017] [internal quotation marks, brackets, ellipsis and citations omitted]; see Judiciary Law §§ 255, 255-b; Mosallem v Berenson, 76 AD3d 345, 348 [1st Dept 2010]). Given that confidentiality is therefore "the exception and not the rule, [a] party seeking to seal court records has the burden to demonstrate compelling circumstances to justify restricting public access" (Maxim Inc. v Feifer, 145 AD3d 516, 517 [1st Dept 2016] [internal quotation marks and citations omitted]). The Uniform Rules for Trial Courts provide that, "[e]xcept where otherwise provided by statute or rule, a court shall not enter an order in any action or proceeding sealing the court records, whether in whole or in part, except upon a written finding of good cause, which shall specify the grounds thereof. In determining whether good cause has been shown, the court shall consider the interests of the public as well as of the parties" (22 NYCRR 216.1 [a]; see O'Reilly v McPhilmy, 167 AD3d 922, 923 [2d Dept 2018]). The determination of good cause requires a case-by-case analysis, to be performed in the prudent exercise of the trial court's discretion (see Manufacturers & Traders Trust Co. v Client Server Direct, Inc., 156 AD3d at 1366; Mancheski v Gabelli Group Capital Partners, 39 AD3d 499, 502 [2d Dept 2007]).
Supreme Court first considered respondent's request for a complete seal of all records. Respondent primarily argued that, because the matter was destined for arbitration, the case documents properly belonged in the confidential files of the arbitrator rather than in the public court records. However, the court correctly noted that, unlike cases where there is a question of arbitrability (see e.g. Feffer v Goodkind, Wechsler, Labaton & Rudolf, 152 Misc 2d 812, 815 [Sup Ct, NY County 1991], affd 183 AD2d 678 [1st Dept 1992]), here there was no question that the matter belonged in court because petitioner was pursuing a stay pending arbitration, a judicial [*3]remedy expressly authorized by law (see CPLR 7502 [c]) and not foreclosed by the MSA. The court went on to find the public interest in open access to the proceedings to be compelling, insofar as it noted the significant public concern surrounding "an injunction pertaining to the manufacture and commercialization of a lifesaving drug for babies and infants." The court therefore held that respondent had failed to establish good cause to overcome the general presumption of open access. In our view, this ruling constitutes a provident exercise of the court's discretion.
Turning to the September proposal and the November proposal, Supreme Court reviewed each, and in the process considered the affidavit of Anish Parikh, respondent's Global Vice President for Drug Product Sales and Marketing. Parikh stated that the documents sought to be sealed and/or redacted included information about amounts paid or owing under the MSA, specifics of the contracted work, details about respondent's manufacturing facility and its readiness for an FDA inspection, communications between the parties about their disputes and settlement discussions. According to Parikh, respondent considered this material to be confidential and would "be harmed competitively by the public disclosure of this information." That is, respondent's relationships with current and future customers would be jeopardized, "putting it at a commercial disadvantage relative to its competitors." The court found, however, that this claim was made only in broad and conclusory terms and lacked any specific showing as to how a competitor could use the information against respondent or how respondent's customer relationships could be harmed (see Heng Ren Silk Rd. Invs. LLC v Duff & Phelps, LLC, 203 AD3d 659, 660 [1st Dept 2022]; Matter of Hofmann, 284 AD2d 92, 94 [1st Dept 2001]). Notably, a party's "designation of . . . materials as confidential or highly confidential is not controlling on the court's determination whether there is good cause to seal the record" (Eusini v Pioneer Elecs. [USA], Inc., 29 AD3d 623, 626 [2d Dept 2006]).
Having identified the deficiencies in the Parikh affidavit, Supreme Court proceeded to emphasize that a number of records sought to be shielded from public view in both proposals were central to its underlying decision to grant a preliminary injunction — a determination that required, among other things, an analysis of the merits of the parties' respective positions. In that regard, "where documents are used to determine litigants' substantive legal rights, a strong presumption of access attaches" (Lugosch v Pyramid Co. of Onondaga, 435 F3d 110, 121 [2d Cir 2006]; see United States v Amodeo, 71 F3d 1044, 1049 [2d Cir 1995]). The court also found, and we agree, that the proposed redactions would "render the docket unintelligible and inappropriately deprive the public of a coherent record of this litigation." Ultimately, the court reiterated that the public interest in open access was [*4]compelling and determined that such an interest had not been overcome by respondent's arguments in support of its proposals. Inasmuch as Supreme Court carefully considered the proposals and appropriately weighed the interests of the public and the parties, we discern no abuse of discretion in this ruling.
Garry, P.J., Lynch, Fisher and Powers, JJ., concur.
ORDERED that the order is affirmed, with costs.