Linkable Networks, Inc. v Mastercard Inc. (2024 NY Slip Op 50077(U))

[*1]

Linkable Networks, Inc. v Mastercard Inc.

2024 NY Slip Op 50077(U)

Decided on January 23, 2024

Supreme Court, New York County

Reed, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on January 23, 2024
Supreme Court, New York County

Linkable Networks, Inc., Plaintiff,

against
Mastercard Incorporated, Mastercard International Incorporated, Defendant.

Index No. 651964/2019

Attorneys for Plaintiff:
CONSTANTINE CANNON LLP 
BY: JEFFREY I. SHINDER, ESQ. 
BY: DAVID A. SCUPP, ESQ
BY: KRISTIAN SOLTES, ESQ.
BY: YO SHIINA, ESQ.
Attorneys for the Defendants:
BAKER BOTTS L.L.P.
BY: ROBERT C. SCHEINFELD, ESQ. 
BY: JENNIFER C. TEMPESTA, ESQ
BY: RICHARD B. HARPER, ESQ.
BY: JULIE B. ALBERT, ESQ.

Robert R. Reed, J.

The following e-filed documents, listed by NYSCEF document number (Motion 011) 241, 242, [*2]243, 244, 363 were read on this motion to/for SEAL.
The following e-filed documents, listed by NYSCEF document number (Motion 014) 356, 357, 358, 359, 361 were read on this motion to/for SEAL.
Motion sequence nos. 011 and 014 are consolidated herein for disposition.
In this commercial action, defendants Mastercard Incorporated and Mastercard International Incorporated (collectively "Mastercard" or defendants), move, by order to show cause, for an order pursuant to 22 NYCRR 216.1(a): (1) sealing for good cause the unredacted versions of defendants' memorandum of law in opposition to plaintiff, Linkable Networks, Inc.'s ("Linkable" or plaintiff) motion for summary judgment (NYSCEF Doc. No. 234), certain accompanying exhibits (NYSCEF Doc. Nos. 236 and 237), and defendants' responses to plaintiff's statement of material facts and statement of additional material facts as to which there are genuine issues to be tried (NYSCEF Doc. No. 238) (collectively "summary judgment opposition materials"); (2) restricting access to the sealed, unredacted version of the summary judgment opposition materials to the parties; (3) restraining the Chief Deputy Clerk, Chief Clerk of Law and Equity, and/or the Chief Judgment Clerk from publicly publishing the unredacted summary judgment opposition materials; and (4) directing that the redacted summary judgment opposition materials (NYSCEF Doc. Nos. 239 and 240) remain on the public docket in their redacted form (motion seq. no. 011).
In motion sequence no. 014, defendants move by order to show cause for an order, pursuant to 22 NYCRR 216.1(a): (1) sealing for good cause the unredacted versions of defendants' reply memorandum of law in support of their motion for summary judgment (NYSCEF Doc. No. 347), a related exhibit (NYSCEF Doc. No. 349), and their responses to plaintiff's counterstatement of material facts (NYSCEF Doc. No. 350) (collectively "summary judgment reply materials"); (2) restricting access to the sealed, unredacted version of the Mastercard reply to the parties; (3) restraining the Chief Deputy Clerk, Chief Clerk of Law and Equity, and/or the Chief Judgment Clerk from publicly publishing the unredacted summary judgment reply materials; and (4) directing that the redacted version of the summary judgment reply materials (NYSCEF Doc. Nos. 351 and 352) remain on the public docket in its redacted form.
For the reasons set forth below, the motions are granted.
Protective Order
On May 30, 3019, the parties entered into a stipulation to seal documents, which was so ordered by the court on June 4, 2019 (protective order) (NYSCEF Doc. No. 14). According to the protective order, the parties stipulated and agreed that there was good cause to seal "the confidential document," which is a copy of the MasterCard Rewards System Value Network Services Agreement (services agreement) entered into by the parties that is referenced in the complaint in the instant action (id., ¶ 1). "Defendants maintain that the services agreement contains deal terms that are not available to the public or to its competitors, disclosure of which would harm defendants' business advantage" (id., ¶ 3). As "the parties agreed to keep the services agreement confidential when entering into the agreement," "good cause exists to maintain the agreement as confidential and to file it under seal in connection with this action" (id., ¶¶ 4, 5).
Discussion
Under New York law, there is a presumption that the public is entitled to access to judicial proceedings and court records (Mancheski v Gabelli Group Capital Partners, 39 AD3d 499, 501 [2d Dept 2007]). The public's right to access, however, is not absolute, and a court is empowered to seal or redact court records pursuant to section 216.1 (a) of the Uniform Rules for Trial Courts upon a showing of "good cause" (Danco Labs v Chemical Works of Gedeon Richter, 274 AD2d 1, 8 [1st Dept 2000]).
Section 216.1(a) of the Uniform Rules for Trial Courts empowers courts to seal documents upon a written finding of good cause. It provides:
"(a) [e]xcept where otherwise provided by statute or rule, a court shall not enter an order in any action or proceeding sealing the court records, whether in whole or in part, except upon a written finding of good cause, which shall specify the grounds thereof. In determining whether good cause has been shown, the court shall consider the interests of the public as well as the parties. Where it appears necessary or desirable, the court may prescribe appropriate notice and an opportunity to be heard."
Thus, sealing has been found to be appropriate to preserve the confidentiality of materials which involve internal finances of a party which are of minimal public interest (see D'Amour v Ohrenstein & Brown, LLP, 17 Misc 3d 1130[A], 2007 NY Slip Op 52207[U] [NY Sup Ct. NY County 2007]). In the business context, courts permit records to be sealed when trade secrets are involved or when disclosure of information contained in documents "could threaten a business's competitive advantage" (Mosallem v Berenson, 76 AD3d 345, 350-351 [1st Dept 2010]). Moreover, sealing has been allowed in the absence of "any legitimate public concern, as opposed to mere curiosity, to counterbalance the interest of [a business's] partners and clients in keeping their financial arrangement private" (Dawson v White & Case, 184 AD2d 246, 247 [1st Dept 1992] [internal quotation marks and citation omitted]).
Motion Sequence No. 011
On August 10, 2023, defendants filed unredacted versions of the summary judgment opposition materials (NYSCEF Doc. Nos. 234, 236 through 238), and then subsequently filed redacted versions of the summary judgment opposition materials (NYSCEF Doc. Nos. 239 and 240) on the docket for public view. On that same date, Mastercard filed a proposed order to show cause seeking on order to seal its unredacted summary judgment opposition materials.
The unredacted materials contain quotations, excerpts, and detailed discussion of sensitive agreements executed by the parties and nonparties to this matter. Linkable also contends that the filed materials contain business records that reveal commercially sensitive business practices, strategies, or performance, and are subject to protection. Additionally, the materials quote from documents Mastercard produced with the confidentiality designation "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" under the parties' stipulated protective order in this matter (see NYSCEF Doc. No. 48).
Mastercard argues that good cause exists to seal the summary judgment opposition materials, both because there is no compelling public interest in the documents and because public disclosure of sensitive agreements and business records would impact the competitive interests of the parties. Mastercard alleges that the summary judgment materials discuss or cite proprietary aspects of the parties' commercial interests, business strategy, legal and/or financial planning, and other sensitive categories that compromise the parties' confidentiality obligations. Mastercard has taken steps to avoid public disclosure of such sensitive records, as revealing them would provide competitors with knowledge of how Mastercard approaches, structures, or [*3]performs its commercial dealings. Further, Mastercard asserts that the documents also reflect transactions and agreements entered into by nonparties to the litigation.
Plaintiff does not oppose the motion. Absent an order from this court, sensitive agreements and transaction documents that are traditionally shielded from the public will remain unrestricted on the docket. A party "ought not to be required to make their financial information public . . . where no substantial interest would be furthered by public access to that information, " and that "[s]ealing a court file may be appropriate to preserve the confidentiality of materials which involve the internal finances of a party and are of minimal public interest" (D'Amour, 17 Misc 3d 1130[A], 2007 NY Slip Op 52207[U] at *20). Similarly, the private financial information of a nonparty should be protected, and therefore warrants sealing the summary judgment opposition materials (see Mancheski v Gabelli Group Capital Partners, 39 AD3d at 502 [finding sealing is warranted where "disclosure could impinge on the privacy rights of third parties who clearly are not litigants herein"]).
As there is no compelling public interest in the documents at issue, and there being no stated opposition on this record, this court finds that the materials comport with the applicable sealing standards as set forth in Mosallem (76 AD3d at 348-350). Accordingly, the summary judgment opposition materials should be sealed (see e.g. Offshore Brazil II Hotel Investors Fund, LP v GP Investments, Ltd, 2018 NY Slip Op 32004[U], *2 [Sup Ct, NY County 2018], citing Feffer v Goodkind, Wechsler, Labaton & Rudoff, 152 Misc 2d 812, 815-816 [Sup Ct, NY County 1991] ["'the internal finances' of a party are not a matter of public interest"], affd 183 AD2d 678 [1st Dept 1992]).
Motion Seq. No. 14
On August 24, 2023, Mastercard filed an unredacted reply memorandum of law, related exhibit, response to plaintiff's counterstatement of material facts (NYSCEF Doc. Nos. 347, 349, 350), and a redacted version of the reply memorandum of law (NYSCEF Doc. Nos. 351 and 352). Mastercard concurrently filed a proposed order to show cause seeking an order to seal the materials for good cause pursuant to 22 NYCRR 216.1(a).
In the instant matter, Mastercard seeks to seal the summary judgment reply materials as they contain quotes and detailed discussion about confidential agreements and transactions entered into by the parties to this matter and nonparties. Additionally, Mastercard has taken steps to avoid public disclosure of such sensitive records, as revealing them would provide competitors with knowledge of how Mastercard approaches, structures, or performs its commercial dealings. They maintain that disclosure of the summary judgment reply materials would be damaging to their commercial interests. As to the related exhibit, Mastercard asserts that the summary judgment reply materials include an Order of the Appellate Division, First Department, relevant to this matter, and only made available to the parties to this litigation via sealed docket.
Defendants argue that good cause exists to seal as (1) there is no compelling public interest in the purported private documents at issue; and (2) to maintain its obligation to keep confidential a document designated non-public by the Appellate Division. Linkable does not oppose this motion.
The court finds that the summary judgment reply materials warrant sealing because they reveal extensive non-public aspects of Mastercard's business and legal strategy as well as private financial information of nonparties (see id.; Mancheski v Gabelli Group Capital Partners, 39 AD3d at 502 ["disclosure could impinge on the privacy rights of third parties who clearly are not [*4]litigants herein"]; Catalyst Investors III, L.P. v The We Co., 2022 NY Slip Op 31581[U]). The related exhibit must also be sealed to comply with the Appellate Division's non-public designation of the document. The motion to seal shall be granted for the same reasons as set forth above (see discussion regarding motion seq. no. 011).
The court notes that, going forward, the parties are reminded that any such motions seeking a confidentiality order or sealing documents shall comply with this Part's rules, effective July 2022, as set forth in paragraph nine, particularly subsections (d) and (e). Failure to comply with the Part rules may result in denial of the motion.
Conclusion
Accordingly, it is
ORDERED that motion seq. no. 011 is granted. As redacted versions of NYSCEF Doc. Nos. 239 and 240 have been filed publicly and unredacted copies under temporary seal, defendants need not file duplicates; and it is further
ORDERED that the New York County Clerk, upon service to him of this order by movant, shall seal NYSCEF Doc. Nos. 234, 236, 237 and 238; and it is further
ORDERED that the New York County Clerk shall restrict access to the sealed documents with access to be granted only to authorized court personnel and designees, the parties and counsel of record in the above-captioned action, and any representative of a party or of counsel of record upon presentation to the County Clerk of written authorization from counsel; and it is further
ORDERED that motion seq. no. 014 is granted. As redacted versions of NYSCEF Doc. Nos. 351 and 352 have been filed publicly and unredacted copies under temporary seal, defendants need not file duplicates; and it is further
ORDERED that the New York County Clerk, upon service to him of this order by movant, shall seal NYSCEF Doc. Nos. 347, 349 and 350; and it is further
ORDERED that the New York County Clerk shall restrict access to the sealed documents with access to be granted only to authorized court personnel and designees, the parties and counsel of record in the above-captioned action, and any representative of a party or of counsel of record upon presentation to the County Clerk of written authorization from counsel; and it is further
ORDERED that this order does not authorize sealing or redacting for purposes of trial.
January 23, 2024
ROBERT R. REED, J.S.C.