Linkable Networks, Inc. v Mastercard Inc. (2024 NY Slip Op 50076(U))

[*1]

Linkable Networks, Inc. v Mastercard Inc.

2024 NY Slip Op 50076(U)

Decided on January 23, 2024

Supreme Court, New York County

Reed, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on January 23, 2024
Supreme Court, New York County

Linkable Networks, Inc., Plaintiff,

against
Mastercard Incorporated, Mastercard International Incorporated, Defendant.

Index No. 651964/2019

Attorneys for Plaintiff:
CONSTANTINE CANNON LLP 
BY: JEFFREY I. SHINDER, ESQ. 
BY: DAVID A. SCUPP, ESQ
BY: KRISTIAN SOLTES, ESQ.
BY: YO SHIINA, ESQ.
Attorneys for the Defendants:
BAKER BOTTS L.L.P.
BY: ROBERT C. SCHEINFELD, ESQ. 
BY: JENNIFER C. TEMPESTA, ESQ
BY: RICHARD B. HARPER, ESQ.
BY: JULIE B. ALBERT, ESQ.

Robert R. Reed, J.

The following e-filed documents, listed by NYSCEF document number (Motion 012) 343, 344, 345, 362 were read on this motion to/for SEAL.
The following e-filed documents, listed by NYSCEF document number (Motion 013) 353, 354, 355, 360 were read on this motion to/for SEAL.
Motion sequence nos. 012 and 013 are consolidated herein for disposition.
In this commercial action, plaintiff Linkable Networks, Inc.'s ("Linkable" or plaintiff), move, by order to show cause, for an order pursuant to 22 NYCRR 216.1(a): (1) sealing for good cause the unredacted versions of plaintiff's memorandum of law in opposition to defendants Mastercard Incorporated and Mastercard International Incorporated's (collectively "Mastercard" or defendants) motion for summary judgment (NYSCEF Doc. No. 245), accompanying exhibits (NYSCEF Doc. Nos. 247 through 289, 291, 292, 294 through 303, and 305 through 334), and plaintiff's response to defendants' statement of material facts (NYSCEF Doc. No. 335), plaintiff's counterstatement of material facts (NYSCEF Doc. No. 336), and accompanying exhibits to the affidavit of Thomas Burgess (NYSCEF Doc. Nos. 338 through 342) (collectively "summary judgment opposition materials"); and (2) ordering Linkable to file publicly redacted versions of its memorandum of law in opposition to Mastercard's motion for summary judgment, responses to defendants' statement of material facts, and counterstatement of material facts (motion sequence no. 012).
In motion sequence no. 013, plaintiff's move by order to show cause for an order, pursuant to 22 NYCRR 216.1(a): (1) sealing for good cause the unredacted versions of plaintiff's reply memorandum of law in support its motion for partial summary judgment on plaintiff's breach of contract claim and summary judgment on Mastercard's counterclaim (NYSCEF Doc. No. 346) ("Linkable reply"); and (2) ordering Linkable to file publicly redacted versions of its reply memorandum of law in support its motion for partial summary judgment on plaintiff's breach of contract claim and summary judgment on Mastercard's counterclaim.
For the reasons set forth below, the motions are granted.
Protective Order
On May 30, 3019, the parties entered into a stipulation to seal documents, which was so ordered by the court on June 4, 2019 (protective order) (NYSCEF Doc. No. 14). According to the protective order, the parties stipulated and agreed that there was good cause to seal "the confidential document" which is a copy of the MasterCard Rewards System Value Network Services Agreement (services agreement) entered into by the parties that is referenced in the complaint in the instant action (id., ¶ 1). "Defendants maintain that the services agreement contains deal terms that are not available to the public or to its competitors, disclosure of which would harm defendants' business advantage" (id., ¶ 3). As "the parties agreed to keep the services agreement confidential when entering into the agreement," "good cause exists to maintain the agreement as confidential and to file it under seal in connection with this action" (id., ¶¶ 4, 5).

Discussion
Under New York law, there is a presumption that the public is entitled to access to judicial proceedings and court records (Mancheski v Gabelli Group Capital Partners, 39 AD3d 499, 501 [2d Dept 2007]). The public's right to access, however, is not absolute, and a court is empowered to seal or redact court records pursuant to section 216.1 (a) of the Uniform Rules for Trial Courts upon a showing of "good cause" (Danco Labs v Chemical Works of Gedeon Richter, 274 AD2d 1, 8 [1st Dept 2000]).
Section 216.1(a) of the Uniform Rules for Trial Courts empowers courts to seal [*2]documents upon a written finding of good cause. It provides:
"(a) [e]xcept where otherwise provided by statute or rule, a court shall not enter an order in any action or proceeding sealing the court records, whether in whole or in part, except upon a written finding of good cause, which shall specify the grounds thereof. In determining whether good cause has been shown, the court shall consider the interests of the public as well as the parties. Where it appears necessary or desirable, the court may prescribe appropriate notice and an opportunity to be heard."
Thus, sealing has been found to be appropriate to preserve the confidentiality of materials which involve internal finances of a party which are of minimal public interest (see D'Amour v Ohrenstein & Brown, LLP, 17 Misc 3d 1130[A], 2007 NY Slip Op 52207[U] [NY Sup Ct. NY County 2007]). In the business context, courts permit records to be sealed when trade secrets are involved or when disclosure of information contained in documents "could threaten a business's competitive advantage" (Mosallem v Berenson, 76 AD3d 345, 350-351 [1st Dept 2010]). Moreover, sealing has been allowed in the absence of "any legitimate public concern, as opposed to mere curiosity, to counterbalance the interest of [a business's] partners and clients in keeping their financial arrangement private" (Dawson v White & Case, 184 AD2d 246, 247 [1st Dept 1992] [internal quotation marks and citation omitted]).
Motion Seq. No. 12
On August 10, Linkable filed an unredacted memorandum of law in opposition to Mastercard's motion for summary judgment, accompanying exhibits, and its response to Mastercard's statement of material facts (NYSCEF Doc. Nos. 245, 247 through 289, 291, 292, 294 through 303, 305 through 336, and 338-342). Linkable concurrently filed an attorney affirmation and order to show cause, seeking to seal the summary judgement opposition materials for good cause pursuant to 22 NYCRR 216.1(a).
Here, plaintiff asserts that the summary judgement opposition materials contain quotations from, as well as entire copies of, agreements and documents belonging to the parties and nonparties to this matter. Specifically, the summary judgment opposition materials quote from documents and deposition testimony Mastercard designated "HIGHLY CONFIDENTIAL- ATTORNEYS' EYES ONLY" under the parties stipulated protective order. Linkable claims that good cause exists to seal the summary judgment opposition materials in order to protect private non-party information and to abide by the parties' protective order (see NYSCEF Doc. No. 48).
Plaintiff seeks to seal the memorandum of law in opposition to the summary judgment motion, as well as the responses to defendant's statement of material facts and plaintiff's counterstatement of material facts which address those private confidential matters concerning its business strategies related to the asset purchase agreement and services agreement. The court finds that they comport with the applicable sealing standards as set forth in Mosallem (76 AD3d at 348-350). As to the accompanying exhibits, the court finds that finds the documents contain extensive sensitive, nonpublic financial information concerning business strategies, licensing agreements and agreements and fees of nonparties and therefore warrant protection (see id.; Mancheski v Gabelli Group Capital Partners, 39 AD3d at 502 ["disclosure could impinge on the privacy rights of third parties who clearly are not litigants herein"]; Catalyst Investors III, L.P. v The We Co., 2022 NY Slip Op 31581[U]).
The summary judgment opposition materials should be sealed, as there is no compelling public interest in the documents at issue, and there being no stated opposition in this record (see [*3]e.g. Offshore Brazil II Hotel Investors Fund, LP v GP Investments, Ltd, 2018 NY Slip Op 32004[U], *2 [Sup Ct, NY County 2018], citing Feffer v Goodkind, Wechsler, Labaton & Rudoff, 152 Misc 2d 812, 815-816 [Sup Ct, NY County 1991] ["'the internal finances' of a party are not a matter of public interest"], affd 183 AD2d 678 [1st Dept 1992]).
Motion Seq. No. 13
On August 24, 2023, Linkable filed its reply memorandum of law in support of its motion for partial summary judgment on its breach of contract claim and summary judgment on Mastercard's counterclaim (NYSCEF Doc. No. 346). Concurrently, plaintiffs filed a proposed order to show cause seeking an order sealing the materials for good cause pursuant to 22 NYCRR 216.1(a).
According to Linkable, its reply quotes from the parties' Services Agreement, correspondence, and deposition testimony Mastercard designated "HIGHLY CONFIDENTIAL- ATTORNEYS' EYES ONLY" under the parties stipulated protective order in this matter. Linkable asserts that good cause exists to order the Linkable reply to be filed under seal, as it aims to protect the confidential, sensitive business information of a nonparty, as well as protect those interests set forth in the protective order to which the parties stipulated. 
Mastercard does not oppose the motion. As Linkable's reply refers to the same agreements referenced above, for the reasons set forth above, the motion is granted.

 Conclusion
Accordingly, it is
ORDERED that motion seq. no. 012 is granted. Plaintiff shall file a redacted copy of NYSCEF Doc. Nos. 245, 247 through 289, 291, 292, 294 through 303, 305 through 336, and 338 through 342 by February 2, 2024; and it is further
ORDERED that the New York County Clerk, upon service to him of this order by movant, shall seal NYSCEF Doc. Nos. 245, 247 through 289, 291, 292, 294 through 303, 305 through 336, and 338 through 342; and it is further
ORDERED that the New York County Clerk shall restrict access to the sealed documents with access to be granted only to authorized court personnel and designees, the parties and counsel of record in the above-captioned action, and any representative of a party or of counsel of record upon presentation to the County Clerk of written authorization from counsel; and it is further
ORDERED that motion seq. no. 013 is granted. Plaintiff shall file a redacted copy of NYSCEF Doc. No. 346 by February 2, 2024; and it is further
ORDERED that the New York County Clerk, upon service to him of this order by movant, shall seal NYSCEF Doc. No. 346; and it is further
ORDERED that the New York County Clerk shall restrict access to the sealed documents with access to be granted only to authorized court personnel and designees, the parties and counsel of record in the above-captioned action, and any representative of a party or of counsel of record upon presentation to the County Clerk of written authorization from counsel; and it is further
ORDERED that this order does not authorize sealing or redacting for purposes of trial.
January 23, 2024
ROBERT R. REED, J.S.C.