Chen Dongwu v New York City Regional Ctr. LLC (2025 NY Slip Op 50078(U))

[*1]

Chen Dongwu v New York City Regional Ctr. LLC

2025 NY Slip Op 50078(U)

Decided on January 27, 2025

Supreme Court, New York County

Reed, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on January 27, 2025
Supreme Court, New York County

Chen Dongwu, CHEN WEN, CHEN ZIWEI, CHENG GUANWEN, CHENG JIE, CHENG LING, DU ERQIN, FENG BING, GU BEIBEI, GUAN ZHIJUN, HAN LIDA, HE CHUNHUA, HOU JIN, HU JIANJUN, HU XINGNING, HU ZHENGFU, HU ZHONGYONG, HUANG GUI MING, HUANG YING, JI TONG, JIAN ZAIHONG, JIANG YUANSHEN, KUANG SUPING, LEI MINGCHUN, LI CHAO YANG, LI FEIFEI, LI JINLIANG, LI NING, LI WANSHAN, LI WEI, LI WEI, LI XIAOLIN, LI YINGJU, LI ZHI HUI, LIN SENG, LING HAO, LING YAHUA, LIU QING ZHU, LIU WEI WEI, LIU XIAO JUN, LIU YING, LU KUI, LU RUI, LU YUANQING, MA BING, MA JIFEI, MIAO SHU, NI QIAO, QI XIAOMEI, QU XIAOYAN, PAN CHENG, PAN YUE XIA, REN JINGYAN, REN TAO, RUAN WEIWEN, SHEN CHAOJUN, SHENG DONG LIN, SHI BING, SUN LIANGGUI, SUN PING, TAN DAMING, TANG MINGSHAN, TANG WENWEN, TAO LANLAN, TIAN XIAOYUN, WANG GUOLIANG, WANG YUN, WANG ZHOU JI, WEI FANG, WEI ZHEN, WU LING, XIA YUN, XIE SHISHI, XU YONGLIANG, XU ZEYUAN, YAN TAO, YAN XIAO XIN, YANG JIAN HUA, YANG YANG JI, YANG YUE, YOU JUN, ZHAN BIHUA, ZHANG JUAN, ZHANG JUNYI, ZHANG PU, ZHANG YAN, ZHANG YIHONG, ZHANG ZHIMIN, ZHAO CHUNYING, ZHOU BAI, ZHOU LIANCHUN, ZHOU YAN, ZHU JIANAN, ZHU WEITE, ZHUANG ZHENGWEI, ZOU LIANG, CAO BING, CHEN JIFENG, CHEN XIAO, CHEN WEIWEI, FANG TAIQING, GAO YANPING, GUO WEI, HUANG LEI, JIN XI, LIANG YUHUI, LIU HAO, MA QIAN, SONG ZHONGMING, WAN WEI, XU XIAOLONG, XU YAN, YANG LUZI, YE LIANG, ZHANG LIHUA, ZHOU QUANGEN, Plaintiff,

against
New York City Regional Center LLC, GEORGE L. OLSEN, PAUL LEVINSOHN, THE NEW YORK CITY EAST RIVER WATERFRONT DEVELOPMENT FUND, LLC, Defendant.

Index No. 652024/2017

Attorneys for Plaintiffs:
Howard S. Wolfson of TARTER KRINSKY & DROGIN
Fred H. Perkins of MORRISON COHEN, LLP
Mark S. Jarashow of MORRISON COHEN, LLP
Attorneys for the Defendants:
David J. Lender of WEIL GOTSHAL & MANGES LLP 
Gregory Silbert of WEIL GOTSHAL & MANGES LLP
Jessica L. Falk of WEIL GOTSHAL & MANGES LLP
Melissa Rutman of WEIL GOTSHAL & MANGES LLP
A.J. Green of WEIL GOTSHAL & MANGES LLP
Sarah Schnorrenberg of WEIL GOTSHAL & MANGES LLP

Robert R. Reed, J.

The following e-filed documents, listed by NYSCEF document number (Motion 016) 990, 991, 992, 993, 994 were read on this motion to/for SEAL.
The following e-filed documents, listed by NYSCEF document number (Motion 017) 1488, 1489, 1490, 1492, 1495, 1499 were read on this motion to/for SEAL.
The following e-filed documents, listed by NYSCEF document number (Motion 018) 1496, 1497, 1498, 1538 were read on this motion to/for SEAL.
Motion sequence nos. 016, 017, and 018 are consolidated herein for disposition.
In this commercial action, defendants New York City Regional Center, LLC ("NYCRC"), George L. Olsen, Paul Levinsohn and nominal defendant The New York City East River Waterfront Development Fund, LLC (the "Fund") (together, the "defendants") move, by order to show cause, for an order, pursuant to 22 NYCRR 216.1(a): (1) permanently sealing for good cause certain exhibits (NYSCEF doc. nos. 461 through 894, 897, 898, 903, 916, 932, 939, 940, 942, 960, 964, 965, and 968) to the Affirmation of David J. Lender in support of defendants' motion for summary judgment; (2) directing the Clerk of the Court to restrict access to the aforementioned exhibits to all except the parties, their attorneys and court personnel; and (3) directing that the exhibits shall remain on the public docket in their sealed form (motion seq. no. 016).
In motion sequence no. 017, defendants move by order to show cause for an order, pursuant to 22 NYCRR 216.1(a): (1) permanently sealing, or redacting in the alternative, for good cause certain exhibits (NYSCEF doc. nos. 1023, 1188, 1198 through 1199, 1207, 1209, 1212 through 1214, 1217 through 1218, 1220, 1229 through 1232, 1234 through 1236, 1238 through 1239, 1245 through 1246, 1249 through 1254, 1265 through 1266, 1270 through 1273, 1275 through 1276, 1280 through 1281, 1284 through 1285, 1287 through 1288, and 1293) to the Affirmation of Fred H. Perkins in opposition to defendants' motion for summary judgment; (2) directing the Clerk of the Court to restrict access to the aforementioned exhibits to all except the parties, their attorneys and court personnel; and (3) directing that the exhibits shall remain on the public docket in their sealed form.
In motion sequence no. 018, defendants move by order to show cause for an order, pursuant to 22 NYCRR 216.1(a): (1) permanently sealing, or redacting in the alternative, for good cause certain exhibits (NYSCEF doc. nos. 1048, 1070, 1073, 1075, 1094 through 1095, 1098 through 1102, 1112 1115, 1127, 1133 through 1141, 1153, and 1154) (together, the "Additional Exhibits") to the Affirmation of Fred H. Perkins in opposition to defendants' motion for summary judgment; (2) directing the Clerk of the Court to restrict access to the aforementioned exhibits to all except the parties, their attorneys and court personnel; and (3) [*2]directing that the exhibits shall remain on the public docket in their sealed form.
For the reasons set forth below, the motions are granted.
Protective Order
Defendants seek to seal documents produced by the parties and designated as confidential. The parties entered into a stipulation to seal and/or redact such documents, which was so ordered by the court on February 25, 2019 (confidentiality order) (NYSCEF doc. no. 95).
Discussion
Under New York law, there is a presumption that the public is entitled to access to judicial proceedings and court records (Mancheski v Gabelli Group Capital Partners, 39 AD3d 499, 501 [2d Dept 2007]). The public's right to access, however, is not absolute, and a court is empowered to seal or redact court records pursuant to section 216.1 (a) of the Uniform Rules for Trial Courts upon a showing of "good cause" (Danco Labs v Chemical Works of Gedeon Richter, 274 AD2d 1, 8 [1st Dept 2000]).
Section 216.1(a) of the Uniform Rules for Trial Courts empowers courts to seal documents upon a written finding of good cause. It provides:
"(a) [e]xcept where otherwise provided by statute or rule, a court shall not enter an order in any action or proceeding sealing the court records, whether in whole or in part, except upon a written finding of good cause, which shall specify the grounds thereof. In determining whether good cause has been shown, the court shall consider the interests of the public as well as the parties. Where it appears necessary or desirable, the court may prescribe appropriate notice and an opportunity to be heard."
Thus, sealing has been found to be appropriate to preserve the confidentiality of materials which involve internal finances of a party which are of minimal public interest (see D'Amour v Ohrenstein & Brown, LLP, 17 Misc 3d 1130[A], 2007 NY Slip Op 52207[U] [NY Sup Ct. NY County 2007]). In the business context, courts permit records to be sealed when trade secrets are involved or when disclosure of information contained in documents "could threaten a business's competitive advantage" (Mosallem v Berenson, 76 AD3d 345, 350-351 [1st Dept 2010]). Moreover, sealing has been allowed in the absence of "any legitimate public concern, as opposed to mere curiosity, to counterbalance the interest of [a business's] partners and clients in keeping their financial arrangement private" (Dawson v White & Case, 184 AD2d 246, 247 [1st Dept 1992] [internal quotation marks and citation omitted]).
Motion Sequence No. 016
On October 17, 2023, defendants filed their motion for summary judgment to dismiss the complaint, along with the Affirmation of David J. Lender and accompanying exhibits. Exhibits 1-91, and 94 (together, the "immigration petition exhibits") consist of copies of each of the 91 plaintiffs' immigrant petitions (I-526) pursuant to Section 203(b)(5) of the Immigration and Nationality Act with supporting evidence, and a copy of plaintiff Li Xiaolin's I-829 petition to Remove Conditions with supporting evidence, which was filed with the U.S. Citizenship and Immigration Services ("USCIS") by plaintiffs in this action. Defendants assert that the immigration petition exhibits contain defendants' confidential business information and financial information related to investments from members of the Fund. Additionally, the immigration petition exhibits contain sensitive and personal identification information belonging to plaintiffs [*3]and non-parties such as visa and passport information, governmental identification numbers, addresses, employment history and highly sensitive financial information.
Exhibits 95, 100, 160, 161 and 164 (together, the "confidential agreement exhibits") to the David J. Lender Affirmation consist of contracts containing sensitive commercial information concerning how the parties thereto structure their business dealings and confidentiality provisions. Exhibits 112, 128, 138 and 156 (together, the "Fund membership exhibits") involve documents that include personal identification information of both members of the Fund and members of other funds. Lastly, exhibits 135 and 136 (together, the "third-party exhibits") contain sensitive business information and evaluations of the producing party.
Defendants filed all exhibits that are the subject of this motion under temporary seal. Each of the immigration petitions were marked with the confidentiality designation "Attorneys' Eyes Only" pursuant to the parties' confidentiality order in this matter (see NYSCEF doc. no. 95). Defendants assert that the confidentiality agreement exhibits and the third party exhibits were produced as confidential pursuant to same. Although defendants do not state that the Fund membership exhibits were produced subject to the parties' confidentiality order, defendants maintain that they typically do not make information concerning their membership available to the public.
Defendants argue that good cause exists to seal the immigration petition exhibits in their entirety because public disclosure of confidential filings made to USCIS, containing personal identification information belonging to plaintiffs, their families, and non-parties to this action, could harm those non-parties and impinge on the privacy rights of the parties to this action. Moreover, defendants assert that the sensitive information contained in the immigration petition exhibits are interspersed throughout the documents at issue. Similarly, the Fund membership exhibits contain information about the immigration status and personal identification information of the members in the Fund and members in other funds managed by NYCRC. Defendants submit that NYCRC treats this information as confidential, as a matter of practice, to protect the privacy interests of its members. They allege that disclosure of such information would invade the privacy of its membership and expose defendants to the risk of legal liability and reputational loss. Thus, defendants contend that good cause exists to seal the Fund membership exhibits.
With respect to the confidentiality agreement exhibits, defendants allege that the parties in connection thereto agreed to certain confidentiality clauses and agreed that disclosure of the exhibits at issue would harm their competitive interests. Defendants assert that good cause exists to seal because disclosure of these documents risks exposing defendants to claims of breach of those confidentiality provisions. Additionally, defendants argue that good cause exists to seal the third-party exhibits because they contain proprietary information and disclosure may harm the third parties involved and their business dealings.
There is no opposition filed on this motion. In fact, plaintiffs expressly join in defendants' motion to seal as the majority of exhibits sought to be sealed in this motion include sensitive information related to plaintiffs' personal identification, finances, immigration/residency statuses and their family members. Absent an order from this court, such personal and sensitive information that is traditionally shielded from the public will remain unrestricted on the docket. A party "ought not to be required to make their financial information public . . . where no substantial interest would be furthered by public access to that information, " and that "[s]ealing a court file may be appropriate to preserve the confidentiality of materials which involve the internal finances of a party and are of minimal public interest" (D'Amour, 17 Misc 3d 1130[A], [*4]2007 NY Slip Op 52207[U] at *20). Similarly, the private financial information, or sensitive personal information, of a nonparty should be protected and therefore warrants sealing the immigration petition exhibits, confidential agreement exhibits, Fund membership exhibits and the third party exhibits (see Mancheski v Gabelli Group Capital Partners, 39 AD3d at 502 [finding sealing is warranted where "disclosure could impinge on the privacy rights of third parties who clearly are not litigants herein"]).
As there is no compelling public interest in the documents at issue, and there being no stated opposition on this record, this court finds that the materials comport with the applicable sealing standards as set forth in Mosallem (76 AD3d at 348-350). Accordingly, the immigration petition exhibits, confidential agreement exhibits, Fund membership exhibits and the third party exhibits should be sealed (see e.g. Offshore Brazil II Hotel Investors Fund, LP v GP Investments, Ltd, 2018 NY Slip Op 32004[U], *2 [Sup Ct, NY County 2018], citing Feffer v Goodkind, Wechsler, Labaton & Rudoff, 152 Misc 2d 812, 815-816 [Sup Ct, NY County 1991] ["'the internal finances' of a party are not a matter of public interest"], affd 183 AD2d 678 [1st Dept 1992]).
Motion Sequence No. 017
On December 21, 2023, plaintiffs filed an opposition to defendants' motion for summary judgment, including certain exhibits appended to the Affirmation of Fred H. Perkins. Plaintiffs filed all exhibits that are the subject of this motion under temporary seal and were designated as confidential pursuant to the parties' confidentiality order in this matter (see NYSCEF doc. no. 95).
Exhibits 189, 190, and 192 reflect sensitive financial information, such as bank account information of NYCRC. Exhibits 170, 204, 211, 217, 221 through 225, 252, 253, 259 and 260 contain trade secrets and information related to NYCRC's relationships and competitive standing. Exhibits 5, 160, 171, 179, 181, 210, 237, 238, 242 through 245, 247, 248, 256, 257 and 265 include proprietary information related to the identity of members of the Fund and other members of funds managed by NYCRC and NYCRC's internal finances. Exhibits 184 through 186, 201 through 203, 206 through 208, 218 and 226 contain information regarding NYCRC's relationships with certain advisors and partners, as well as NYCRC's proprietary view of deal terms offered by rivals and deal terms it may be willing to offer on certain projects. 
Defendants seek to seal the above-mentioned exhibits because they contain highly sensitive, confidential information related to the finances of NYCRC, non-party NYCRC funds and its owners. Such information includes NYCRC's account information, detailed profits and losses breakdowns of funds managed by NYCRC, its trade secrets, strategies for managing its brand, and other proprietary information. Additionally, NYCRC asserts that it takes steps, as a matter of practice, to avoid public disclosure of the sensitive records regarding its members, such as treating the identities and internal finances of its investors as confidential in order to protect those investors' privacy interests. Defendants argue that good cause exists to seal the exhibits at issue because full disclosure of the documents would reveal highly sensitive information that would be damaging to NYCRC's investors' private financial interests and could harm NYCRC's competitive commercial interests. There is no opposition to the motion filed on this record.
Concerning commercial matters, the movant must demonstrate that the material it seeks to have sealed contains trade secrets, confidential business information, or sensitive proprietary information (Vergara v Mission Capital Advisors, LLC, 187 AD3d 495, 496 [1st Dept 2020]). It is this court's view that exhibits accompanying the Affirmation of Fred H. Perkins in opposition [*5]to defendants' motion for summary judgment, that are the subject of this motion, warrant sealing because they reveal extensive non-public aspects of NYCRC's business strategy as well as the private financial information of parties and nonparties to this action (see id.; Mancheski v Gabelli Group Capital Partners, 39 AD3d at 502 ["disclosure could impinge on the privacy rights of third parties who clearly are not litigants herein"]; Catalyst Investors III, L.P. v The We Co., 2022 NY Slip Op 31581[U]). The motion to seal shall be granted for the same reasons as set forth above (see discussion regarding motion seq. no. 016).
Motion Sequence No. 018
On December 21, 2023, plaintiffs filed an opposition to defendants' motion for summary judgment, including the Additional Exhibits to the Affirmation of Fred H. Perkins, which were filed under temporary seal and designated as confidential under the parties' confidentiality order (see NYSCEF doc. no. 95).
Here, defendants seek to seal the Additional Exhibits because they contain confidential financial information and commercially sensitive information of NYCRC and its funds, such as bank account information, deal terms NYCRC may offer on certain projects, its views of market conditions, and its trade secrets. Defendants argue that good cause exists to seal the exhibits because there is no compelling public interest in the private financial and commercial documents at issue and public disclosure would weaken NYCRC's competitive standing. Plaintiffs do not oppose this motion.
In this court's assessment, the Additional Exhibits warrant sealing because the documents involve closely guarded information about current or future business plans or strategies, the disclosure of which would likely provide an advantage to a competitor (see Mancheski, 39 AD3d at 503). Under these circumstances, no public interest would be served by disclosing the proprietary information contained in the Additional Exhibits. Good cause therefore exists to seal the documents. The motion to seal shall be granted for the same reasons as set forth above (see discussion regarding motion seq. no. 017).
Conclusion
Accordingly, it is
ORDERED that motion seq. no. 016, defendants' motion to seal the unredacted versions of certain exhibits accompanying the Affirmation of David J. Lender in support of defendants' motion for summary judgment filed on October 17, 2023 (NYSCEF doc. nos. 461 through 894, 897, 898, 903, 916, 932, 939, 940, 942, 960, 964, 965, and 968), is granted; and it is further
ORDERED that motion seq. no. 017 is granted. Plaintiff shall file a redacted copy of NYSCEF doc. nos. 1023, 1188, 1198 through 1199, 1207, 1209, 1212 through 1214, 1217 through 1218, 1220, 1229 through 1232, 1234 through 1236, 1238 through 1239, 1245 through 1246, 1249 through 1254, 1265 through 1266, 1270 through 1273, 1275 through 1276, 1280 through 1281, 1284 through 1285, 1287 through 1288, and 1293 by February 10, 2025; and it is further
ORDERED that motion seq. no. 018 is granted. Plaintiff shall file a redacted copy of NYSCEF doc. nos. 1048, 1070, 1073, 1075, 1094 through 1095, 1098 through 1102, 1112 1115, 1127, 1133 through 1141, 1153, and 1154 by February 10, 2025; and it is further
ORDERED that the Clerk of the Court is directed, upon service on him of a copy of this order with notice of entry, to permanently seal NYSCEF doc. nos. 461 through 894, 897, 898, 903, 916, 932, 939, 940, 942, 960, 964, 965, 968, 1023, 1048, 1070, 1073, 1075, 1094, 1095, [*6]1098, 1099, 1100, 1101, 1102, 1112 1115, 1127, 1133 through 1141, 1153, 1154, 1188, 1198, 1199, 1207, 1209, 1212, 1213, 1214, 1217, 1218, 1220, 1229, 1230, 1231, 1232, 1234, 1235, 1236, 1238, 1239, 1245, 1246, 1249, 1250, 1251, 1252, 1253, 1254, 1265, 1266, 1270, 1271, 1272, 1273, 1275, 1276, 1280, 1281, 1284, 1285, 1287, 1288, and 1293, and to separate these documents and to keep them separate from the balance of the file in this action; and it is further
ORDERED that thereafter, or until further order of the court, the Clerk of the Court shall deny access to the said sealed documents to anyone (other than the staff of the Clerk or the court) except for counsel of record for any party to this case; and it is further
ORDERED that service upon the Clerk of the Court shall be made in accordance with the procedures set forth in the Protocol on Courthouse and County Clerk Procedures for Electronically Filed Cases (accessible at the "E-Filing" page on the court's website)]; and it is further
ORDERED that this order does not authorize sealing or redacting for purposes of trial.
DATE January 27, 2025
ROBERT R. REED, J.S.C.