O'Reilly v Klar (2018 NY Slip Op 08671)





O'Reilly v Klar


2018 NY Slip Op 08671


Decided on December 19, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 19, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
JEFFREY A. COHEN
JOSEPH J. MALTESE
LINDA CHRISTOPHER, JJ.


2017-05359
 (Index No. 608441/16)

[*1]William J. O'Reilly, respondent, 
v
Michael N. Klar, defendant; Gizmodo Media Group, LLC, intervenor-appellant.


Holland & Knight, LLP, New York, NY (Christine N. Walz and Charles D. Tobin, pro hac vice, of counsel), for intervenor-appellant.
Hoguet Newman Regal & Kenney, LLP, New York, NY (Fredric S. Newman and Andrew N. Bourne of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for aiding and abetting fraud in the inducement, the intervenor Gizmodo Media Group, LLC, appeals from an order of the Supreme Court, Nassau County (Jeffrey S. Brown, J.), entered May 2, 2017. The order, insofar as appealed from, (1) granted the plaintiff's motion to seal documents and filings that are confidential pursuant to a confidentiality agreement entered into by the plaintiff and his former wife, or that are already sealed in another action, and any future motions or pleadings in this action that disclose or refer to such material, and (2) denied that branch of the motion of the intervenor Gizmodo Media Group, LLC, which was to direct that all records in this action remain open to the public.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff commenced this action, inter alia, to recover damages for aiding and abetting fraud in the inducement against the defendant, an attorney who represented the plaintiff's former wife in the negotiation and preparation of a separation agreement and in a matrimonial action commenced by the plaintiff. The complaint alleges, among other things, that the defendant aided and abetted the plaintiff's former wife in making certain misrepresentations for the purpose of inducing the plaintiff to enter into the agreement, which by its terms was incorporated into but did not merge with the judgment of divorce. Insofar as is relevant to this appeal, the plaintiff moved pursuant to 22 NYCRR 216.1 to seal certain documents and filings in this action, and the intervenor Gizmodo Media Group, LLC (hereinafter Gizmodo), subsequently moved, inter alia, to direct that all records in this action remain open to the public. In an order entered May 2, 2017, the Supreme Court granted the plaintiff's motion and denied Gizmodo's motion to the extent of directing that 19 of the 22 exhibits under the court's review, as well as any future motions or pleadings that disclose or refer to confidential material, be sealed. Gizmodo appeals from so much of the order as directed the sealing of those 19 documents and related material.
New York law presumptively favors broad access by the public and the press to judicial proceedings and court records, placing the burden on the party favoring sealing to show a compelling interest that likely would be harmed by granting public access (see Mosallem v Berenson, [*2]76 AD3d 345, 348-349; Mancheski v Gabelli Group Capital Partners, 39 AD3d 499, 501-502). However, "the right of access is not absolute" (Danco Labs. v Chemical Works of Gedeon Richter, 274 AD2d 1, 6), and a court determining whether there is good cause for sealing court records (see 22 NYCRR 216.1[a]) must weigh the competing interests of the public and the parties, authorizing the sealing only in the prudent exercise of the court's discretion (see Mancheski v Gabelli Group Capital Partners, 39 AD3d at 502).
Here, contrary to Gizmodo's contentions, the Supreme Court conducted an independent review of, and made specific factual findings with respect to, each of the documents at issue, rendering a sealing order appropriately tailored to the circumstances. Notably, the court determined that only certain documents would be sealed (see Mancheski v Gabelli Group Capital Partners, 39 AD3d at 502), and the order appealed from evinces the court's careful balancing of the need to maintain the confidentiality of documents filed under seal in the prior matrimonial action against the public's interest in access to court records. Since there is a compelling interest in maintaining the privacy interests of the parties to the previous matrimonial action (see generally Domestic Relations Law § 235; 22 NYCRR 202.5[e]), and matters impacting the custody and welfare of their minor children (see generally Matter of Kent v Kent, 29 AD3d 123, 136; Anonymous v Anonymous, 263 AD2d 341, 342; Matter of P.B. v C.C., 223 AD2d 294, 296-298), the court providently exercised its discretion in sealing the documents at issue.
MASTRO, J.P., COHEN, MALTESE and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court