Linkable Networks, Inc. v Mastercard Inc. (2025 NY Slip Op 50278(U))

[*1]

Linkable Networks, Inc. v Mastercard Inc.

2025 NY Slip Op 50278(U)

Decided on March 4, 2025

Supreme Court, New York County

Reed, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on March 4, 2025
Supreme Court, New York County

Linkable Networks, Inc., Plaintiff,

against
Mastercard Incorporated, MASTERCARD INTERNATIONAL INCORPORATED, Defendant.

Index No. 651964/2019

Robert R. Reed, J.

The following e-filed documents, listed by NYSCEF document number (Motion 007) 206, 207, 208, 209 were read on this motion for SEAL.
The following e-filed documents, listed by NYSCEF document number (Motion 008) 229, 230, 231, 232, 233 were read on this motion for SEAL.
The following e-filed documents, listed by NYSCEF document number (Motion 017) 484, 485, 486, 487, 488 were read on this motion for SEAL.
The following e-filed documents, listed by NYSCEF document number (Motion 019) 501, 502, 510, 511, 512, 513 were read on this motion for SEAL.
The following e-filed documents, listed by NYSCEF document number (Motion 021) 523, 524, 530 were read on this motion for SEAL.
The following e-filed documents, listed by NYSCEF document number (Motion 022) 525, 526, 527, 528, 529 were read on this motion for SEAL.
These motions come before the court seeking sealing by plaintiffs and defendants. In motion sequences 007, 008, 017, 019, 021 and 022, the parties filed various motions to permanently seal documents referenced and utilized by the parties during motion practice. For [*2]the foregoing reasons, the instant request to permanently seal discovery and trial documents is denied.
Under New York law, a court is empowered to seal or redact court records pursuant to section 216.1 (a) of the Uniform Rules for Trial Courts upon a showing of "good cause" (Danco Labs v Chemical Works of Gedeon Richter, 274 AD2d 1, 8 [1st Dept 2000]). Section 216.1(a) of the Uniform Rules for Trial Courts empowers courts to seal documents upon a written finding of good cause. It provides:
"(a) [e]xcept where otherwise provided by statute or rule, a court shall not enter an order in any action or proceeding sealing the court records, whether in whole or in part, except upon a written finding of good cause, which shall specify the grounds thereof. In determining whether good cause has been shown, the court shall consider the interests of the public as well as the parties. Where it appears necessary or desirable, the court may prescribe appropriate notice and an opportunity to be heard."
In the business context, courts permit records to be sealed when trade secrets are involved or when disclosure of information contained in documents "could threaten a business's competitive advantage" (Mosallem v Berenson, 76 AD3d 345, 350-351 [1st Dept 2010]; see also Mancheski v Gabelli Grp. Cap. Partners, 39 AD3d 499, 502 [2d Dept 2007]). However, under New York law, there is a clear presumption that the public is entitled to access to judicial proceedings and court records (Mancheski v Gabelli Group Capital Partners, 39 AD3d 499, 501 [2d Dept 2007]).
At the filing of the subject motions, an interim order was entered temporarily sealing public access to the records sought to be permanently sealed (see NYSCEF doc. nos. 233, 488, 529, 530). Trial in this matter commenced on June 4, 2024, and a jury verdict was rendered on June 17, 2024. The trial was a public proceeding. Most, if not all, the records sought to be sealed in the instant motions, were utilized during trial as exhibits. Granting an order sealing the subject records does not comport with, or overcome, the broad presumption of public entitlement to judicial proceedings and court records (see Mosallem v Berenson, 76 AD3d 345, 348-49 [1st Dept 2010]). Courts have found pause in the sealing of court records in the context of business unless there is a showing that trade secrets are at risk of being divulged or where the documents may harm a business's competitive edge, neither of which were shown here (id.at 350). For these and the foregoing reasons, the parties' requests to seal documents related to the litigation and utilized during trial is denied.
Accordingly, it is hereby
ORDERED that the parties motions seeking an order granting sealing of various documents exchanged in discovery and utilized at trial (motion sequences 007, 008, 017, 019, 021 and 022) are denied.
DATE March 4 2025
ROBERT R. REED, J.S.C.