## Grain Belt Express Holding LLC v Invenergy Transmission LLC

2025 NY Slip Op 31514(U)

April 26, 2025

Supreme Court, New York County

Docket Number: Index No. 651445/2023

Judge: Andrea Masley

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK: COMMERCIAL DIVISION PART 48

-----------------------------------------------------------------------------------X

GRAIN BELT EXPRESS HOLDING LLC,

Plaintiff,

- v -

INVENERGY TRANSMISSION LLC and GRAIN BELT
EXPRESS CLEAN LINE LLC,

Defendants.

-----------------------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 651445/2023 |
| **MOTION DATE** | - |
| **MOTION SEQ. NO.** | 011 |

**DECISION + ORDER ON
MOTION**

HON. ANDREA MASLEY:

The following e-filed documents, listed by NYSCEF document number (Motion 011) 224, 225, 226, 227, 228, 229, 242

were read on this motion to/for              SEAL                  .

In motion sequence number 011, nonparty Grid United LLC (Grid) moves by

order to show cause, pursuant to the Uniform Rules of the New York State Trial Courts

(22 NYCRR) § 216.1 to redact Michael Skelly's affidavit[1] (NYSCEF Doc. No. [NYSCEF]

133, 207, and 228).[2] The motion is unopposed. There is no indication that the press or

public have an interest in this matter.

**Legal Standard**

"Under New York law, there is a broad presumption that the public is entitled to

access to judicial proceedings and court records." (*Mosallem v Berenson*, 76 AD3d

---

[1] Skelly is Grid's CEO. (NYSCEF 228, Skelly aff ¶ 1.)
[2] Initially, on January 31, 2025, plaintiff publicly filed unredacted Skelly's affidavit. (NYSCEF 133.) On February 7, 2025, Grid filed an order to show cause to seal Skelly's affidavit, which at the time was publicly available. (NYSCEF 203, Proposed OSC [mot. seq. no. 010].) On February 10, 2025, Grid filed this OSC, to correct the public filing of Skelly's affidavit and to again seal it. (NYSCEF 224, Proposed OSC [mot. seq. no. 011].) NYSCEF 133 is now temporarily sealed. The redacted public version of the Skelly affidavit is filed at NYSCEF 208 and 229.

651445/2023 GRAIN BELT EXPRESS HOLDING LLC vs. INVENERGY TRANSMISSION LLC ET AL        **Page 1 of 4**
Motion No. 011

345, 348 [1st Dept 2010] [citations omitted].)  The public's right to access is, however, not absolute, and under certain circumstances, "public inspection of court records has been limited by numerus statutes." (*Id.* at 349.)  One of those statutes is section 216.1 (a) of the Uniform Rules for Trial Courts, which empowers courts to seal documents upon a written finding of good cause.  It provides:

> "Except where otherwise provided by statute or rule, a court shall not enter an order in any action or proceeding sealing the court records, whether in whole or in part, except upon a written finding of good cause, which shall specify the grounds thereof.  In determining whether good cause has been shown, the court shall consider the interests of the public as well as of the parties.  Where it appears necessary or desirable, the court may prescribe appropriate notice and opportunity to be heard." (Uniform Rules for Sur Ct [22 NYCRR] § 216.1.)

The "party seeking to seal court records has the burden to demonstrate compelling circumstances to justify restricting public access" to the documents. (*Mosallem*, 76 AD3d at 349 [citations omitted].)  Good cause must "rest on a sound basis or legitimate need to take judicial action." (*Danco Lab Ltd. v Chemical Works of Gedeon Richter, Ltd.*, 274 AD2d 1, 8 [1st Dept 2000] [internal quotation marks omitted].)

**Discussion**

Grid demonstrated good cause to redact Skelly's affidavit.  Courts have recognized a compelling interest in sealing a third-party's financial or private information as disclosure could imping upon the privacy rights of these nonparties. (*See Mancheski v Gabelli Group Capital Partners*, 39 AD3d 499, 502 [2d Dept 2007]; *Natixis Real Estate Capital Tr. 2007-HE2 v Natixis Real Estate Capital, Inc.,* 77 Misc 3d 1224 [A] [Sup Ct, NY County 2023].)  Here, the proposed redactions pertain to confidential business

651445/2023   GRAIN BELT EXPRESS HOLDING LLC vs. INVENERGY TRANSMISSION LLC ET AL
Motion No. 011

Page 2 of 4

2 of 4

information relating to a nonparty's ongoing business projects and management structure, the disclosure of which could threaten Grid's competitive advantage.

Accordingly, it is

ORDERED that motion sequence number 011 is granted; and it is further

ORDERED that the County Clerk, upon service of this order, is directed to seal NYSCEF 133, 207, and 228; and it is further;

ORDERED that the County Clerk shall restrict access to the sealed documents with access to be granted only to authorized court personnel and designees, the parties and counsel of record in this action, and any representative of a party or of counsel of record upon presentation to the County Clerk of written authorization from counsel; and it is further

ORDERED that movant shall serve a copy of this order on the County Clerk in accordance with the procedures set forth in the Protocol on Courthouse County Clerk Procedures for Electronically Filed Cases (accessible at the "E-Filing" page on the court's website at the address www.nycourts.gov/supctmanh)]; and it is further

ORDERED that if any party seeks to redact identical information in future filings that the court is permitting to be redacted here, that party shall submit a proposed sealing order to the court (via SFC-Part48@nycourts.gov and NYSCEF) instead of filing another seal motion; and it is further

651445/2023   GRAIN BELT EXPRESS HOLDING LLC vs. INVENERGY TRANSMISSION LLC ET AL
Motion No.  011

Page 3 of 4

3 of 4

ORDERED that this order does not authorize sealing or redacting for purposes of

trial or other court proceedings on the record, e.g., arguments on motions.

2025042612701AMASLEY0873B255AD69441C851E54FB2BF0F6F4

| 4/26/2025 | | ANDREA MASLEY, J.S.C. |
| --- | --- | --- |
| **DATE** | | |

| CHECK ONE: | | CASE DISPOSED | X | NON-FINAL DISPOSITION | |
| --- | --- | --- | --- | --- | --- |
| | X | GRANTED | ☐ DENIED | ☐ GRANTED IN PART | ☐ OTHER |
| APPLICATION: | ☐ | SETTLE ORDER | | ☐ SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | ☐ | INCLUDES TRANSFER/REASSIGN | | ☐ FIDUCIARY APPOINTMENT | ☐ REFERENCE |

**651445/2023   GRAIN BELT EXPRESS HOLDING LLC vs. INVENERGY TRANSMISSION LLC ET AL**
**Motion No.  011**

**Page 4 of 4**