**IKB Intl., S.A. v Deutsche Bank Natl. Trust Co.**

2025 NY Slip Op 31649(U)

May 6, 2025

Supreme Court, New York County

Docket Number: Index No. 654439/2015

Judge: Anar Rathod Patel

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK:  COMMERCIAL DIVISION PART 45

------------------------------------------------------------------X

IKB INTERNATIONAL, S.A., IKB DEUTSCHE
INDUSTRIEBANK A.G.,

                                            Plaintiffs,

                      - v -

DEUTSCHE BANK NATIONAL TRUST
COMPANY, DEUTSCHE BANK TRUST
COMPANY AMERICAS, ACCREDITED
MORTGAGE LOAN TRUST 2004-3,
ACCREDITED MORTGAGE LOAN TRUST 2005-
4, ACCREDITED MORTGAGE LOAN TRUST
2006-1, ACCREDITED MORTGAGE LOAN
TRUST 2006-2, ARGENT SECURITIES
INC.,ASSET-BACKED PASS-THROUGH
CERTIFICATES, SERIES 2005-W2, CITIGROUP
MORTGAGE LOAN TRUST, SERIES 2005-OPT3,
EQUIFIRST MORTGAGE LOAN TRUST 2004-2,
FIRST FRANKLIN MORTGAGE LOAN TRUST
2005-FFH3, FIRST FRANKLIN MORTGAGE
LOAN TRUST 2006-FF8, GSAMP TRUST 2006-
HE1, HSI ASSET SECURITIZATION CORP.
TRUST 2006-OPT2, IMPAC SECURED ASSETS
CORP MORTGAGE PASS-THROUGH
CERTIFICATES, SERIES 2004-3, IMPAC CMP
TRUST SERIES 2004-5, IMPAC CMB TRUST
SERIES 2005-5, IMPAC CMB TRUST SERIES
2005-8, IMPAC SECURED ASSETS CORP.,
MORTGAGE PASS-THROUGH CERTIFICATES,
SERIES 2006-1, IMPAC SECURED ASSETS
CORP., MORTGAGE PASS-THROUGH
CERTIFICATES, SERIES 2006-2, INDYMAC INDX
MORTGAGE LOAN TRUST 2005-AR21,
INDYMAC INDX MORTGAGE LOAN TRUST
2006-AR9, J.P. MORGAN MORTGAGE
ACQUISITION TRUST 2007-CH1, J.P. MORGAN
MORTGAGE ACQUISITION TRUST 2007-HE1,
LONG BEACH MORTGAGE LOAN TRUST 2004-
2, MORGAN STANLEY ABS CAPITAL I INC.
TRUST 2005-HE3, MORGAN STANLEY ABS
CAPITAL I INC. TRUST 2005-HE6, MORGAN

| | |
|---|---|
| **INDEX NO.** | 654439/2015 |
| **MOTION DATE** | 04/08/2025 |
| **MOTION SEQ. NO.** | 018 |

**DECISION + ORDER ON MOTION**

654439/2015  IKB INTERNATIONAL, S.A. vs. DEUTSCHE BANK NATIONAL TRUST
Motion No.  018

Page 1 of 5

1 of 5

STANLEY ABS CAPITAL I INC. TRUST 2005-HE7, MORGAN STANLEY ABS CAPITAL I INC. TRUST 2005-NC1, MORGAN STANLEY CAPITAL I INC. TRUST 2006-NC2, MORGAN STANLEY ABS CAPITAL I INC. TRUST 2007-HE5, MORGAN STANLEY HOME EQUITY LOAN TRUST 2006-1, MORGAN STANLEY HOME EQUITY LOAN TRUST 2006-3, NEW CENTURY HOME EQUITY LOAN TRUST, SERIES 2005-C, NEW CENTURY HOME EQUITY LOAN TRUST SERIES 2005-D, POPULAR ABS MORTGAGE PASS-THROUGH TRUST 2007-A, SAXON ASSET SECURITIES TRUST 2006-3, SAXON ASSET SECURITIES TRUST 2007-2, SOUNDVIEW HOME LOAN TRUST 2006-EQ1, WAMU SERIES 2007-HE1 TRUST,

Defendants.

--------------------------------------------------------------X

**HON. ANAR RATHOD PATEL:**

The following e-filed documents, listed by NYSCEF document number (Motion 018) 1302–1306 were read on this motion to <u>SEAL</u>.

Before the Court is an unopposed motion by Plaintiffs IKB International S.A. in Liquidation ("IKB SA") and IKB Deutsche Industriebank AG ("IKB AG") (collectively "Plaintiffs") (Mot. Seq. No. 018) to maintain certain documents filed in connection with the parties' motions for summary judgment (Mot. Seq. Nos. 013, 014) and Defendants' Deutsche Bank National Trust Company, as Trustee (and any predecessors or successors thereto) and Deutsche Bank Trust Company Americas, as Trustee ("Defendants") *Frye* motion to exclude opinions of Plaintiffs' expert Ingrid Beckles (Mot. Seq. No. 015) in their sealed or redacted form on NYSCEF pursuant to 22 NYCRR § 216.1.

For the reasons as set forth herein, Plaintiffs' unopposed motion is GRANTED.

On September 30, 2020, the parties entered into a Stipulation and Order for the Production and Exchange of Confidential Information ("Confidentiality Order") (NYSCEF Doc. No. 197) and on March 17, 2025, a So Ordered Stipulation and Order to temporarily seal or redact certain confidential exhibits ("So Ordered Confidentiality Stip.") (NYSCEF Doc. No. 1252). Pursuant to the aforementioned stipulations, "Confidential Information" is defined as discovery material that contains information the producing party "reasonably and in good faith believes constitutes and/or contains (i) non-public, confidential, business, strategic, personal, proprietary or commercially-sensitive information; or (ii) Non-Party Borrower Information." Confidentiality Order at § 3(a). While courts may consider stipulated protective orders when making decisions about sealing

**654439/2015  IKB INTERNATIONAL, S.A. vs. DEUTSCHE BANK NATIONAL TRUST**                              **Page 2 of 5**
**Motion No.  018**

2 of 5

documents, such orders are not dispositive, nor do they relieve this Court of its obligation to determine whether the movant has established good cause pursuant to § 216.1(a).

Here, Plaintiffs move to seal or redact information in three categories of documents: (1) financial and contact information for IKB AG and non-party KfW, a German state-owned bank; (2) expert reports and workpapers prepared by Plaintiffs; and (3) expert deposition testimony and associated exhibits prepared by Plaintiffs containing deposition excerpts.

Pursuant to § 216.1(a), the Court may seal a filing "upon a written finding of good cause, which shall specify the grounds thereof. In determining whether good cause has been shown, the court shall consider the interests of the public as well as of the parties." "There is a presumption that the public has the right of access to the courts to ensure the actual and perceived fairness of the judicial system." *Mancheski v. Gabelli Grp. Cap. Partners*, 39 A.D.3d 499, 501 (2d Dept. 2007) (quoting *Republic of Philippines v. Westinghouse Elec. Corp.*, 949 F.2d 653 (3d Cir. 1991)). "The public right to access, however, is not absolute." *Mosallem v. Berenson*, 76 A.D.3d 345, 349 (1st Dept. 2010). "Although the rule does not further define 'good cause,' a standard that is 'difficult to define in absolute terms,' a sealing order should rest on a 'sound basis or legitimate need to take judicial action,' a showing properly burdening the party seeking to have a sealed record remain sealed." *Danco Lab'ys, Ltd. v. Chem. Works of Gedeon Richter, Ltd.*, 274 A.D.2d 1, 8 (1st Dept. 2000) (quoting *id.*). Ultimately, the "balancing of private and public interest in sealing [is within] the court's discretion." *PricewaterhouseCoopers, LLP v. Cahill*, 223 A.D.3d 543, 543 (1st Dept. 2024).

Courts have routinely held that good cause is established to warrant protection of third-party names and contact information. *See MBIA Ins. Corp. v. Countrywide Home Loans, Inc.*, No. 602825/08, 2013 WL 450030, at *3 (N.Y. Cnty. Sup. Ct. Jan. 3, 2013) (quoting *Mancheski*, 39 A.D.3d at 502) ("disclosure could impinge on the privacy rights of third parties who clearly are not litigants herein."). This approach has extended to the private financial information of third parties. *Id.* at *4. Courts have further held that, in a business context, a negative impact as to a movant's ability to conduct business or participate in negotiations is sufficient to warrant sealing. *See, e.g., Mosallem*, 76 A.D.3d at 350 ("we have allowed for sealing where trade secrets are involved, or where the release of documents could threaten a business's competitive advantage") (internal citations omitted); *Mavel, a.s. v. Rye Dev., LLC*, 79 Misc. 3d 1231(A) (N.Y. Cnty. Sup. Ct. 2023); *People v. Leasing Expenses Co. LLC*, 73 Misc. 3d 1207(A) (N.Y. Cnty. Sup. Ct. 2021). The decision to seal documents can extend to business issues beyond financial considerations including documents relating to "transaction management, internal business strategy, . . . and operations." *Catalyst Invs. III, L.P. v. The We Co.*, 2022 WL 1516276, *1 (N.Y. Cnty. Sup. Ct. May 13, 2022).

Here, Plaintiffs argue that good cause exists to seal or redact documents that contain confidential or proprietary business and financial information belonging to the Plaintiffs and/or non-parties that is not publicly available. Plaintiff further argue that there is no demonstrated public or press interest in the information at issue. Plaintiffs seek redaction/sealing of documents in the following three protected categories:

654439/2015 IKB INTERNATIONAL, S.A. vs. DEUTSCHE BANK NATIONAL TRUST
Motion No. 018

Page 3 of 5

3 of 5

1.      Financial and contact information in IKB AG-KfW Agreements containing, *inter alia,* non-public contact information for executives at IKB AG, KfW fax numbers, KfW telephone numbers, KfW contact persons, and KfW financial account and control numbers. Plaintiffs filed sealed version of two agreements (NYSCEF Doc. No. 1068, "Moses Exhibit 73") and redacted versions for public view (NYSCEF Doc. No. 1069, "Moses Exhibit 73-Redacted").

The fax, phone, and contact information, and financial account information of Plaintiffs and non-party KfW are private and confidential, and irrelevant to the claims asserted in this action. *See MBIA Ins. Corp*, 2013 WL 450030, at *3–4. Therefore, the Court finds that good cause exists to permanently seal the document filed at NYSCEF Doc. No. 1068 and permanently redact the private, non-public information contained in the document filed at NYSCEF Doc. No. 1069.[1]

2.      Expert reports and workpapers prepared by Plaintiffs filed at NYSCEF Doc. Nos. 684, 686, 688, 690, 957, 965, 981, 983, 985, 987, 989, 1139, 1184, and 1187.

The expert reports and workpapers contain confidential information as defined in the Confidentiality Order. Plaintiffs argue that good cause exists to seal these documents because they contain confidential and/or proprietary business and financial information belonging to the Plaintiffs. Specifically, the expert opinions, and the contents of the documents that form those opinions may prejudice Plaintiffs in a separate action before this Court that contains similar claims and issues.[2] NYSCEF Doc. No. 1306 (Pl. Mem. of Law) at 8–10. Therefore, the Court finds that good cause exists to permanently seal documents filed at NYSCEF Doc. Nos. 684, 686, 688, 690, 957, 965, 981, 983, 985, 987, 989, 1139, 1184, and 1187.

3.      Expert deposition testimony and associated exhibits prepared by the Plaintiffs containing deposition excerpts filed at NYSCEF Doc. Nos. 700, 702, 704, 712, 771, 959, 961, 967, 971, 973, 975, 977, 979, 1276, 1287, 1289, and 1291.

These documents reference the documents identified in Category 2, which the Court has found good cause to seal. Therefore, the Court finds that good cause exists to permanently seal documents filed at NYSCEF Doc. Nos. 700, 702, 704, 712, 771, 959, 961, 967, 971, 973, 975, 977, 979, 1277, 1287, 1289, and 1291, and permanently redact the document filed at NYSCEF Doc. No. 1276.[3]

---

[1] Plaintiffs' Memorandum of Law (NYSCEF Doc. No. 1306 at 6–7) improperly requests permanent redaction of NYSCEF 1068 instead of permanent sealing and fails to request permanent redaction in NYSCEF Doc. No. 1069. The Court, *sua sponte*, corrects this error by granting the permanent sealing of NYSCEF Doc. 1068 and permanent redaction of NYSCEF Doc. No. 1069.

[2] *IKB Int'l S.A. in Liquidation v. U.S. Bank, N.A.*, Index No. 654442/2015.

[3] Plaintiffs' Memorandum of Law does not reference NYSCEF Doc. No. 1277, which is currently available under public view. Plaintiffs should have requested the sealing of NYSCEF Doc. No. 1277 because it contains excerpts in yellow highlighting that are redacted in NYSCEF Doc. No. 1276. Accordingly, the Court, *sua sponte*, corrects this error by granting the permanent sealing of NYSCEF Doc. No. 1277.

**654439/2015  IKB INTERNATIONAL, S.A. vs. DEUTSCHE BANK NATIONAL TRUST**                    **Page 4 of 5**
**Motion No.  018**

[* 4]

Accordingly, it is hereby

**ORDERED** that Plaintiffs' Motion to Seal (Mot. Seq. 018) is GRANTED; and it is further

**ORDERED** that upon service of a copy of this Decision and Order on the Clerk of the Court, the Clerk shall permanently seal NYSCEF Doc. Nos. 684, 686, 688, 690, 700, 702, 704, 712, 957, 959, 961, 965, 967, 971, 973, 975, 977, 979, 981, 983, 985, 987, 989, 1068, 1069, 1139, 1184, 1187, 1277, 1287, 1289, and 1291; and it is further

**ORDERED** that upon service of a copy of this Decision and Order on the Clerk of the Court, the Clerk shall maintain the documents filed at NYSCEF Doc. Nos. 771, 1069, and 1276 in their redacted form; and it is further

**ORDERED** that as it relates to future submissions, made by any party, that contain subject matter that the court has authorized to be sealed by this Decision and Order, **parties may file a joint stipulation, to be So Ordered, which will authorize the filing of such future submissions to be fled in redacted form on NYSCEF**, provided that an unredacted copy of any document is contemporaneously filed under seal; and it is further

**ORDERED** that nothing in this Decision and Order shall be construed as authorizing the sealing or redactions of any documents or evidence to be offered at trial; and it is further

**ORDERED** that service upon the Clerk of the Court shall be made in accordance with the procedures set forth in the *Protocol on Courthouse and County Clerk Procedures for Electronically Filed Cases* (accessible at the "E-Filing" page on the court's website).

The foregoing constitutes the Decision and Order of the Court.

| **May 6, 2025** | | | | | *A. R. Patel* | |
|---|---|---|---|---|---|---|
| **DATE** | | | | | **ANAR RATHOD PATEL, A.J.S.C.** | |
| **CHECK ONE:** | | CASE DISPOSED | | X | NON-FINAL DISPOSITION | |
| | X | GRANTED | DENIED | | GRANTED IN PART | OTHER |
| **APPLICATION:** | | SETTLE ORDER | | | SUBMIT ORDER | |
| **CHECK IF APPROPRIATE:** | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | REFERENCE |

**654439/2015  IKB INTERNATIONAL, S.A. vs. DEUTSCHE BANK NATIONAL TRUST**
**Motion No.  018**

Page 5 of 5

5 of 5