## IKB Intl., S.A. v Deutsche Bank Natl. Trust Co.

2025 NY Slip Op 31727(U)

May 12, 2025

Supreme Court, New York County

Docket Number: Index No. 654439/2015

Judge: Anar Rathod Patel

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK:  COMMERCIAL DIVISION PART 45

-----------------------------------------------------------------X

IKB INTERNATIONAL, S.A., IKB DEUTSCHE
INDUSTRIEBANK A.G.,

|  | **INDEX NO.** | 654439/2015 |
|---|---|---|

Plaintiffs,

|  | **MOTION DATE** | 04/08/2025 |
|---|---|---|

- v -

|  | **MOTION SEQ. NO.** | 017 |
|---|---|---|

DEUTSCHE BANK NATIONAL TRUST
COMPANY, DEUTSCHE BANK TRUST
COMPANY AMERICAS, ACCREDITED
MORTGAGE LOAN TRUST 2004-3,
ACCREDITED MORTGAGE LOAN TRUST 2005-
4, ACCREDITED MORTGAGE LOAN TRUST
2006-1, ACCREDITED MORTGAGE LOAN
TRUST 2006-2, ARGENT SECURITIES
INC.,ASSET-BACKED PASS-THROUGH
CERTIFICATES, SERIES 2005-W2, CITIGROUP
MORTGAGE LOAN TRUST, SERIES 2005-OPT3,
EQUIFIRST MORTGAGE LOAN TRUST 2004-2,
FIRST FRANKLIN MORTGAGE LOAN TRUST
2005-FFH3, FIRST FRANKLIN MORTGAGE
LOAN TRUST 2006-FF8, GSAMP TRUST 2006-
HE1, HSI ASSET SECURITIZATION CORP.
TRUST 2006-OPT2, IMPAC SECURED ASSETS
CORP MORTGAGE PASS-THROUGH
CERTIFICATES, SERIES 2004-3, IMPAC CMP
TRUST SERIES 2004-5, IMPAC CMB TRUST
SERIES 2005-5, IMPAC CMB TRUST SERIES
2005-8, IMPAC SECURED ASSETS CORP.,
MORTGAGE PASS-THROUGH CERTIFICATES,
SERIES 2006-1, IMPAC SECURED ASSETS
CORP., MORTGAGE PASS-THROUGH
CERTIFICATES, SERIES 2006-2, INDYMAC INDX
MORTGAGE LOAN TRUST 2005-AR21,
INDYMAC INDX MORTGAGE LOAN TRUST
2006-AR9, J.P. MORGAN MORTGAGE
ACQUISITION TRUST 2007-CH1, J.P. MORGAN
MORTGAGE ACQUISITION TRUST 2007-HE1,
LONG BEACH MORTGAGE LOAN TRUST 2004-
2, MORGAN STANLEY ABS CAPITAL I INC.
TRUST 2005-HE3, MORGAN STANLEY ABS
CAPITAL I INC. TRUST 2005-HE6, MORGAN

**AMENDED
DECISION + ORDER ON
MOTION**

**654439/2015  IKB INTERNATIONAL, S.A. vs. DEUTSCHE BANK NATIONAL TRUST
Motion No.  017**

**Page 1 of 5**

1 of 5

[* 1]

STANLEY ABS CAPITAL I INC. TRUST 2005-HE7, MORGAN STANLEY ABS CAPITAL I INC. TRUST 2005-NC1, MORGAN STANLEY CAPITAL I INC. TRUST 2006-NC2, MORGAN STANLEY ABS CAPITAL I INC. TRUST 2007-HE5, MORGAN STANLEY HOME EQUITY LOAN TRUST 2006-1, MORGAN STANLEY HOME EQUITY LOAN TRUST 2006-3, NEW CENTURY HOME EQUITY LOAN TRUST, SERIES 2005-C, NEW CENTURY HOME EQUITY LOAN TRUST SERIES 2005-D, POPULAR ABS MORTGAGE PASS-THROUGH TRUST 2007-A, SAXON ASSET SECURITIES TRUST 2006-3, SAXON ASSET SECURITIES TRUST 2007-2, SOUNDVIEW HOME LOAN TRUST 2006-EQ1, WAMU SERIES 2007-HE1 TRUST,

                                      Defendants.

--------------------------------------------------------------------X

**HON. ANAR RATHOD PATEL:**

The following e-filed documents, listed by NYSCEF document number (Motion 017) 1308–1312, and 1330 were read on this motion to <u>SEAL</u>.

Before this Court is an unopposed motion filed by Defendants Deutsche Bank National Trust Company, as Trustee (and any predecessors or successors thereto) and Deutsche Bank Trust Company Americas, as Trustee (collectively "Defendants") (Mot. Seq. 017) to maintain certain documents filed in connection with their *Frye* motion to exclude the expert opinion of Ingrid Beckles (Mot. Seq. No. 015) and summary judgment motions filed by Defendants and Plaintiffs IKB International S.A. in Liquidation ("IKB SA") and IKB Deutsche Industriebank AG ("IKB AG") (collectively "Plaintiffs") (Mot. Seq. Nos. 013, 014) in their sealed or redacted form on NYSCEF pursuant to 22 NYCRR § 216.1.

For the reasons as set forth herein, Defendants' unopposed motion is GRANTED.

On September 30, 2020, the parties entered into a Stipulation and Order for the Production and Exchange of Confidential Information ("Confidentiality Order") (NYSCEF Doc. No. 197), and on March 17, 2025, a So Ordered Stipulation and Order to temporarily seal or redact certain confidential exhibits ("So Ordered Confidentiality Stip.") (NYSCEF Doc. No. 1252). Pursuant to the aforementioned stipulations, "Confidential Information" is defined as discovery material that contains information the producing party "reasonably and in good faith believes constitutes and/or contains (i) non-public, confidential, business, strategic, personal, proprietary or commercially-sensitive information; or (ii) Non-Party Borrower Information." Confidentiality Order at § 3(a). While courts may consider stipulated protective orders when making decisions about sealing

**654439/2015  IKB INTERNATIONAL, S.A. vs. DEUTSCHE BANK NATIONAL TRUST**                    **Page 2 of 5**
**Motion No.  017**

2 of 5

documents, such orders are not dispositive, nor do they relieve this Court of its obligation to determine whether the movant has established good cause pursuant to § 216.1(a).

Here, Defendants move to seal or redact information in five categories of documents: (1) financial and contact information of private mortgage borrowers; (2) a proprietary internal risk management report; (3) confidential documents from unrelated residential mortgage-backed securities ("RMBS") actions; (4) confidential mediation settlement documents; and (5) confidential non-party corporate transaction agreements.

Pursuant to § 216.1(a), the Court may seal a filing "upon a written finding of good cause, which shall specify the grounds thereof. In determining whether good cause has been shown, the court shall consider the interests of the public as well as of the parties." "There is a presumption that the public has the right of access to the courts to ensure the actual and perceived fairness of the judicial system." *Mancheski v. Gabelli Grp. Cap. Partners*, 39 A.D.3d 499, 501 (2d Dept. 2007) (quoting *Republic of Philippines v. Westinghouse Elec. Corp.*, 949 F.2d 653 (3d Cir. 1991)). "The public right to access, however, is not absolute." *Mosallem v. Berenson*, 76 A.D.3d 345, 349 (1st Dept. 2010). "Although the rule does not further define 'good cause,' a standard that is 'difficult to define in absolute terms,' a sealing order should rest on a 'sound basis or legitimate need to take judicial action,' a showing properly burdening the party seeking to have a sealed record remain sealed." *Danco Lab'ys, Ltd. v. Chem. Works of Gedeon Richter, Ltd.*, 274 A.D.2d 1, 8 (1st Dept. 2000) (quoting *id.*). Ultimately, the "balancing of private and public interest in sealing [is within] the court's discretion." *PricewaterhouseCoopers, LLP v. Cahill*, 223 A.D.3d 543, 543 (1st Dept. 2024).

Courts have routinely held that good cause is established to warrant protection of third-party names and contact information. *See MBIA Ins. Corp. v. Countrywide Home Loans, Inc.*, No. 602825/08, 2013 WL 450030, at *3 (N.Y. Cnty. Sup. Ct. Jan. 3, 2013) (quoting *Mancheski,* 39 A.D.3d at 502) ("disclosure could impinge on the privacy rights of third parties who clearly are not litigants herein."). This approach has extended to the private financial information of third parties. *Id.* at *4. Courts have further held that, in a business context, a negative impact as to a movant's ability to conduct business or participate in negotiations is sufficient to warrant sealing. *See, e.g., Mosallem*, 76 A.D.3d at 350 ("we have allowed for sealing where trade secrets are involved, or where the release of documents could threaten a business's competitive advantage") (internal citations omitted); *Mavel, a.s. v. Rye Dev., LLC*, 79 Misc. 3d 1231(A) (N.Y. Cnty. Sup. Ct. 2023); *People v. Leasing Expenses Co. LLC*, 73 Misc. 3d 1207(A) (N.Y. Cnty. Sup. Ct. 2021). The decision to seal documents can extend to business issues beyond financial considerations including documents relating to "transaction management, internal business strategy, . . . and operations." *Catalyst Invs. III, L.P. v. The We Co.*, 2022 WL 1516276, *1 (N.Y. Cnty. Sup. Ct. May 13, 2022).

Defendants argue that good cause exists to seal or redact documents that contain confidential or proprietary business and financial information belonging to Defendants and/or non-parties that is not publicly available. Defendants further argue that there is no demonstrated public or press interest in the information at issue. Defendants seek redaction/sealing of documents in the following five categories:

**654439/2015   IKB INTERNATIONAL, S.A. vs. DEUTSCHE BANK NATIONAL TRUST**
**Motion No.  017**

**Page 3 of 5**

3 of 5

[* 3]

1)      Financial and contact information of private, non-party mortgage borrowers in expert reports and associated exhibits (NYSCEF Doc. Nos. 775, 794, 798, 805, 809, 818, 824, 963 and 1185), and three deposition video excerpts of expert Ingrid Beckles (slipsheets filed at NYSCEF Doc. Nos. 1286, 1288, and 1290) (native files under seal provided by hand to this Court). These documents contain names and personal financial information of non-parties in this litigation, the disclosure of which would violate their privacy rights. *See MBIA Ins. Corp.*, 2013 WL 450030 at *3–4.  The Court finds that good cause exists to permanently seal documents filed at NYSCEF Doc. Nos. 775, 794, 798, 805, 809, 818, 824, 963, 1185, 1286, 1288, and 1290.  The Court also finds good cause to maintain documents filed at NYSCEF Doc. Nos. 774, 793, 797, 804, 808, 817, 823, 962, and 1186 in their redacted form.

2)      Proprietary internal risk management report and associated filings containing information detailing credit and liquidity exposures of Defendants, and confidential regulatory correspondence between Defendants and the Office of the Comptroller of the Currency.  NYSCEF Doc. Nos. 1086, 1235, 1241, and 1242.  These documents contain proprietary and confidential internal business strategy whereby public disclosure is likely to cause competitive harm to Defendants in the commercial marketplace. *See Catalyst Invs. III, L.P.*, 2022 WL 1516276 at *1. Therefore, the Court finds that good cause exists to permanently seal documents filed at NYSCEF Doc. Nos. 1086, 1235, and 1241.  The Court also finds good cause to maintain the document filed at NYSCEF Doc. No. 1242 in redacted form.

3)      Confidential documents from unrelated RMBS actions containing proprietary information referencing underlying investment strategies, valuations, and settlement information. NYSCEF Doc. Nos. 951, 969, 1014, 1015, 1078, and 1077.  These documents contain information regarding prior confidential settlements where public disclosure could cause competitive harm to non-parties in this action. *See Mosallem*, 76 A.D.3d at 350.  Therefore, the Court finds that good cause exists to permanently seal documents filed at NYSCEF Doc. Nos. 951, 969, 1014, and 1078. The Court also finds good cause to maintain the documents filed at NYSCEF Doc. Nos. 1015, and 1077 in redacted form.

4)      Confidential mediation documents, and related excerpts between Defendants and the State of California in an unrelated action, that describe legal strategies and positions asserted in prior settlement negotiations.  NYSCEF Doc. Nos. 1131, 1217, and 1218. *See Mosallem*, 76 A.D.3d at 350.  Therefore, the Court finds that good cause exists to permanently seal documents filed at NYSCEF Doc. Nos. 1131, and 1217.  The Court also finds good cause to maintain the document filed at NYSCEF Doc. No. 1218 in redacted form.

5)      Confidential non-party corporate transaction agreements that contain confidentiality provisions restricting access to certain information within the agreements. NYSCEF Doc. Nos. 708, 710, 770, 771, 1137, 1138, 1233, and 1234. *See Mosallem*, 76 A.D.3d at 350.  Therefore, the Court finds that good cause exists to permanently seal documents filed at NYSCEF 708, 710, 771, 1137, 1138, and 1233.  The Court also finds good cause to maintain the documents filed at NYSCEF Doc. Nos. 770, and 1234 in redacted form.

**654439/2015   IKB INTERNATIONAL, S.A. vs. DEUTSCHE BANK NATIONAL TRUST**            **Page 4 of 5**
**Motion No.  017**

4 of 5

Accordingly, it is hereby

**ORDERED** that Defendants' Motion to Seal (Mot. Seq. 017) is GRANTED; and it is further

**ORDERED** that upon service of a copy of this Decision and Order on the Clerk of the Court, the Clerk shall permanently seal NYSCEF Doc. Nos. 708, 710, 771, 775, 794, 798, 805, 809, 818, 824, 951, 963, 969, 1014, 1078, 1086, 1131, 1137, 1138, 1185, 1217, 1233, 1235, 1241, 1286, 1288, and 1290; and it is further

**ORDERED** that upon service of a copy of this Decision and Order on the Clerk of the Court, the Clerk shall maintain the documents filed at NYSCEF Doc. Nos. 770, 774, 793, 797, 804, 808, 817, 823, 962, 1015, 1077, 1186, 1218, 1234, and 1242 in their redacted form; and it is further

**ORDERED** that as it relates to future submissions, made by any party, that contain subject matter that the court has authorized to be sealed by this Decision and Order, **parties may file a joint stipulation, to be So Ordered, which will authorize the filing of such future submissions to be filed in redacted form on NYSCEF**, provided that an unredacted copy of any document is contemporaneously filed under seal; and it is further

**ORDERED** that nothing in this Decision and Order shall be construed as authorizing the sealing or redactions of any documents or evidence to be offered at trial; and it is further

**ORDERED** that service upon the Clerk of the Court shall be made in accordance with the procedures set forth in the *Protocol on Courthouse and County Clerk Procedures for Electronically Filed Cases* (accessible at the "E-Filing" page on the court's website).

The foregoing constitutes the Decision and Order of the Court.

| **May 12, 2025** | | | *A. R. Patel* | |
|---|---|---|---|---|
| **DATE** | | | **ANAR RATHOD PATEL, A.J.S.C.** | |

| CHECK ONE: | | CASE DISPOSED | | X | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|
| | X | GRANTED | | DENIED | | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | | REFERENCE |

**654439/2015 IKB INTERNATIONAL, S.A. vs. DEUTSCHE BANK NATIONAL TRUST**
**Motion No. 017**

Page 5 of 5

[* 5]