## Grain Belt Express Holding LLC v Invenergy Transmission LLC

2025 NY Slip Op 31947(U)

June 2, 2025

Supreme Court, New York County

Docket Number: Index No. 651445/2023

Judge: Andrea Masley

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK:  COMMERCIAL DIVISION PART 48

--------------------------------------------------------------------------------X

GRAIN BELT EXPRESS HOLDING LLC,

|  |  |  |
|---|---|---|
| **INDEX NO.** | 651445/2023 |

Plaintiff,

| **MOTION DATE** | - |
|---|---|

- v -

INVENERGY TRANSMISSION LLC and GRAIN BELT
EXPRESS CLEAN LINE LLC,

| **MOTION SEQ. NO.** | 016 |
|---|---|

Defendants.

**DECISION + ORDER ON MOTION**

--------------------------------------------------------------------------------X

HON. ANDREA MASLEY:

The following e-filed documents, listed by NYSCEF document number (Motion 016) 304, 305, 306, 307, 308, 309, 310, 311, 312, 313, 314, 315, 316, 317, 318, 319, 320, 321, 322, 323, 324, 325, 330, 331, 332, 357

were read on this motion to/for                                            SEAL                                            .

In motion sequence number 016, nonparty Grid United LLC (Grid) moves by

order to show cause, pursuant to the Uniform Rules of the New York State Trial Courts

(22 NYCRR) § 216.1 to redact the following:

1. Skelly's deposition transcript part 1[1] (NYSCEF Doc. No. [NYSCEF] 281);

2. Skelly's deposition transcript part 2[2] (NYSCEF 308);

3. Zaldo's deposition transcript part 1[3] (NYSCEF 283);

4. Zaldo's deposition transcript part 2[4] (NYSCEF 310);

---

[1] Grid states that NYSCEF 281 is refiled at 308.  However, these are not identical documents.  Page 3 of NYSCEF 281 starts with page 25 of Skelly's deposition transcript whereas page 3 of NYSCEF 308 starts with page 75.  The court will review the proposed redactions for both NYSCEF 281 and 308.
[2] A publicly redacted version is filed at NYSCEF 309.
[3] Grid states that NYSCEF 283 is refiled at 310.  However, these are not identical documents. NYSCEF 283 contains 16 pages whereas NYSCEF 310 contains 23 pages. The court will review the proposed redactions for both NYSCEF 283 and 310.
[4] A publicly redacted version is filed at NYSCEF 311.

**651445/2023   GRAIN BELT EXPRESS HOLDING LLC vs. INVENERGY TRANSMISSION LLC ET AL**
**Motion No.  016**

**Page 1 of 5**

1 of 5

[* 1]

5. Plaintiff's opposition brief[5] (NYSCEF 278, 314, 346[6]);

6. Plaintiff's response to defendants' Rule 19-A statement[7] (NYSCEF 293, 318, 348[8]);

7. Defendants' opposition brief[9] (NYSCEF 275 and 322);

8. Defendants' counterstatement of material facts[10] (NYSCEF 276 and 324);

9. Partially redacted plaintiff's opposition brief[11] (NYSCEF 277[12] and 312);

10. Partially redacted plaintiff's response to defendants' Rule 19-A statement[13] (NYSCEF 292[14] and 316);

11. Partially redacted defendants' opposition brief (NYSCEF 274[15] and 320)[16].

The motion is unopposed.  There is no indication that the press or public have an interest in this matter.

---

[5] A publicly redacted version is filed at NYSCEF 315.

[6] Grid informed the court that NYSCEF 346 is another unredacted copy of plaintiff's opposition brief filed after motion seq. no. 016 was brought.

[7] A publicly redacted version is filed at NYSCEF 319.

[8] Grid informed the court that NYSCEF 348 is another unredacted copy of plaintiff's response to defendants' Rule 19-A statement filed after motion seq. no. 016 was brought.

[9] A publicly redacted version is filed at NYSCEF 323.

[10] A publicly redacted version is filed at NYSCEF 325.  However, this document is sealed.  The court will direct the County Clerk to unseal this document.

[11] A publicly redacted version is filed at NYSCEF 313.

[12] Grid asserts that plaintiff failed to redact all of Grid's confidential information contained in the public version of NYSCEF 277.

[13] A publicly redacted version is filed at NYSCEF 317.

[14] Grid asserts that plaintiff failed to redact all of Grid's confidential information contained in the public version of NYSCEF 292.

[15] Grid asserts that defendants failed to redact all of Grid's confidential information contained in the public version of NYSCEF 274.

[16] A publicly redacted version is filed at NYSCEF 321.

**651445/2023   GRAIN BELT EXPRESS HOLDING LLC vs. INVENERGY TRANSMISSION LLC ET AL**
**Motion No.  016**

**Legal Standard**

"Under New York law, there is a broad presumption that the public is entitled to access to judicial proceedings and court records." (*Mosallem v Berenson*, 76 AD3d 345, 348 [1st Dept 2010] [citations omitted].) The public's right to access is, however, not absolute, and under certain circumstances, "public inspection of court records has been limited by numerous statutes." (*Id.* at 349.) One of those statutes is section 216.1 (a) of the Uniform Rules for Trial Courts, which empowers courts to seal documents upon a written finding of good cause. It provides:

> "Except where otherwise provided by statute or rule, a court shall not enter an order in any action or proceeding sealing the court records, whether in whole or in part, except upon a written finding of good cause, which shall specify the grounds thereof. In determining whether good cause has been shown, the court shall consider the interests of the public as well as of the parties. Where it appears necessary or desirable, the court may prescribe appropriate notice and opportunity to be heard." (Uniform Rules for Trial Cts [22 NYCRR] § 216.1.)

The "party seeking to seal court records has the burden to demonstrate compelling circumstances to justify restricting public access" to the documents. (*Mosallem*, 76 AD3d at 349 [citations omitted].) Good cause must "rest on a sound basis or legitimate need to take judicial action." (*Danco Lab Ltd. v Chemical Works of Gedeon Richter, Ltd.*, 274 AD2d 1, 8 [1st Dept 2000] [internal quotation marks and citation omitted].)

**Discussion**

Grid demonstrated good cause to redact NYSCEF 346, 348, 281, 308, 283, 310, 278, 314, 293, 318, 275, 322, 276, 324, 277, 312, 292, 316, 274, and 320. Courts have recognized a compelling interest in sealing a third-party's financial or private information as disclosure could imping upon the privacy rights of these nonparties. (*See Mancheski*

651445/2023   GRAIN BELT EXPRESS HOLDING LLC vs. INVENERGY TRANSMISSION LLC ET AL
Motion No.  016

Page 3 of 5

3 of 5

*v Gabelli Group Capital Partners*, 39 AD3d 499, 502 [2d Dept 2007]; *Natixis Real Estate Capital Tr. 2007-HE2 v Natixis Real Estate Capital, Inc.,* 77 Misc 3d 1224 [A] [Sup Ct, NY County 2023].)  Here, the proposed redactions pertain to confidential and commercially sensitive business information relating to a nonparty's future transmission projects, the disclosure of which could threaten Grid's competitive advantage in the marketplace.

Accordingly, it is

ORDERED that motion sequence number 016 is granted; and it is further

ORDERED that the County Clerk, upon service of this order, is directed to seal NYSCEF 346, 348, 281, 308, 283, 310, 278, 314, 293, 318, 275, 322, 276, 324, 277, 312, 292, 316, 274, and 320; and it is further

ORDERED that the County Clerk is directed to unseal NYSCEF 325, which is the redacted copy of defendants' Counterstatement of Facts; and it is further

ORDERED that plaintiff shall e-file publicly redacted versions of NYSCEF 281 and 283; and it is further

ORDERED that the County Clerk shall restrict access to the sealed documents with access to be granted only to authorized court personnel and designees, the parties and counsel of record in this action, and any representative of a party or of counsel of record upon presentation to the County Clerk of written authorization from counsel; and it is further

ORDERED that movant shall serve a copy of this order on the County Clerk in accordance with the procedures set forth in the Protocol on Courthouse County Clerk

651445/2023   GRAIN BELT EXPRESS HOLDING LLC vs. INVENERGY TRANSMISSION LLC ET AL
Motion No.  016

Page 4 of 5

4 of 5

Procedures for Electronically Filed Cases (accessible at the "E-Filing" page on the court's website at the address www.nycourts.gov/supctmanh)]; and it is further

ORDERED that if any party seeks to redact identical information in future filings that the court is permitting to be redacted here, that party shall submit a proposed sealing order to the court (via SFC-Part48@nycourts.gov and NYSCEF) instead of filing another seal motion; and it is further

ORDERED that this order does not authorize sealing or redacting for purposes of trial or other court proceedings on the record, e.g., arguments on motions.

| | | | | | |
|---|---|---|---|---|---|
| **6/2/2025** | | | | | |
| **DATE** | | | | **ANDREA MASLEY, J.S.C.** | |
| CHECK ONE: | | CASE DISPOSED | X | NON-FINAL DISPOSITION | |
| | X | GRANTED | DENIED | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | REFERENCE |

651445/2023   GRAIN BELT EXPRESS HOLDING LLC vs. INVENERGY TRANSMISSION LLC ET AL
Motion No.  016

Page 5 of 5

5 of 5