| **Malekan v Malekan** |
|:---:|
| 2026 NY Slip Op 30749(U) |
| February 28, 2026 |
| Supreme Court, New York County |
| Docket Number: Index No. 652507/2023 |
| Judge: Andrea Masley |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK:  COMMERCIAL DIVISION PART 48

-----------------------------------------------------------------------------------X

MICHAEL MALEKAN,

           Plaintiff,

          - v -

ALBERT MALEKAN, 466-26 SOHO LLC (NOMINAL
DEFENDANT), 75-26 SOHO LLC (NOMINAL
DEFENDANT), DAYAN 26-552, LLC, ALBERTO MAKALI,
LTD., 466-26 DELAWARE LLC, and SHAHRAM
GOLPANIAN,

          Defendants.

-----------------------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 652507/2023 |
| **MOTION DATE** | -- |
| **MOTION SEQ. NO.** | 014 |

**DECISION + ORDER ON MOTION**

HON. ANDREA MASLEY:

The following e-filed documents, listed by NYSCEF document number (Motion 014) 476, 477, 478, 488, 489, 493

were read on this motion to/for        SEAL        .

In motion sequence 014 plaintiff Michael Malekan moves pursuant to the Uniform Rules of the New York State Trial Courts (22 NYCRR) § 216.1 to seal/redact the January 9, 2026 affirmation of R. Zachary Gelber (NYSCEF 472) and a chart containing time entries and expenses (NYSCEF 473).  (*See* NYSCEF Doc. No. [NYSCEF] 476, Order to Show Cause).  Specifically, Malekan argues that good cause exists to seal/redact because the documents contain information related to the discounted billing rates of Gelber & Santillo PLLC (G&S) professionals, which is competitively sensitive. (*See* NYSCEF 478, MOL at 1.)  The motion is unopposed.  There is no indication that the press or public have an interest in this matter.

**Legal Standard**

"Under New York law, there is a broad presumption that the public is entitled to access to judicial proceedings and court records." (*Mosallem v Berenson*, 76 AD3d

652507/2023   MALEKAN, MICHAEL vs. MALEKAN, ALBERT ET AL
Motion No.  014

Page 1 of 4

345, 348 [1st Dept 2010] [citations omitted].)  The public's right to access is, however, not absolute, and under certain circumstances, "public inspection of court records has been limited by numerous statutes."  (*Id.* at 349.)  For example, § 216.1(a) of the Uniform Rules for Trial Courts, empowers courts to seal documents only upon a written finding of good cause.  It provides:

> "Except where otherwise provided by statute or rule, a court shall not enter an order in any action or proceeding sealing the court records, whether in whole or in part, except upon a written finding of good cause, which shall specify the grounds thereof.  In determining whether good cause has been shown, the court shall consider the interests of the public as well as of the parties.  Where it appears necessary or desirable, the court may prescribe appropriate notice and opportunity to be heard."  (Uniform Rules for Trial Cts [22 NYCRR] § 216.1 [a].)

The "party seeking to seal court records has the burden to demonstrate compelling circumstances to justify restricting public access" to the documents.  (*Mosallem*, 76 AD3d at 349 [citations omitted].)  Good cause must "rest on a sound basis or legitimate need to take judicial action."  (*Danco Lab Ltd. v Chemical Works of Gedeon Richter, Ltd.*, 274 AD2d 1, 8 [1st Dept 2000] [internal quotation marks and citation omitted].)

**Discussion**

Malekan seeks to redact NYSCEF 472 and 473 on the ground that these documents contain confidential and sensitive financial information that could undermine G&S's competitive business interests if made publicly available.  (*See* NYSCEF 478, MOL at 2.)  Courts have sealed records where the disclosure of documents "could threaten a business's competitive advantage."  (*Mosallem*, 76 AD3d at 350-351 [citations omitted].)  Similarly, courts have recognized a compelling interest in sealing records that contain "proprietary financial information because disclosure could harm

652507/2023   MALEKAN, MICHAEL vs. MALEKAN, ALBERT ET AL                                      Page 2 of 4
Motion No.  014

2 of 4

the private corporation's competitive standing." (*Mancheski v Gabrielli Group Capital Partners*, 39 AD3d 499, 502 [2d Dept 2007] [citation omitted].) Here, the proposed redactions are warranted to protect G&S from competitive harm, especially since there is no public interest in these documents. (*See Mosallem*, 76 AD3d at 350-351; *Mancheski*, 39 AD3d at 502.)

Accordingly, it is

ORDERED that motion sequence 014 is granted; and it is further

ORDERED that the County Clerk, upon service of this order, is directed to seal NYSCEF 472 and 473; and it is further

ORDERED that Malekan shall file publicly redacted versions of NYSCEF 472 and 473 in NYSCEF within 10 days of the date of this order; and it is further

ORDERED that the County Clerk shall restrict access to the sealed documents with access to be granted only to authorized court personnel and designees, the parties and counsel of record in this action, and any representative of a party or of counsel of record upon presentation to the County Clerk of written authorization from counsel; and it is further

ORDERED that Malekan shall serve a copy of this order on the County Clerk in accordance with the procedures set forth in the Protocol on Courthouse County Clerk Procedures for Electronically Filed Cases (accessible at the "E-Filing" page on the court's website at the address www.nycourts.gov/supctmanh); and it is further

ORDERED that if any party seeks to redact identical information in future filings that the court is permitting to be redacted here, that party shall submit a proposed

652507/2023  MALEKAN, MICHAEL vs. MALEKAN, ALBERT ET AL                    Page 3 of 4
  Motion No.  014

[* 3]                                      3 of 4

sealing order to the court (via sfc-part48@nycourts.gov and NYSCEF) instead of filing another seal motion; and it is further

ORDERED that this order does not authorize sealing or redacting for the purposes of trial or other court proceedings on the record, e.g. arguments on motions.

**2/28/2026**
**DATE**                                                                 **ANDREA MASLEY, J.S.C.**

| CHECK ONE: | | CASE DISPOSED | | X | NON-FINAL DISPOSITION | |
| --- | --- | --- | --- | --- | --- | --- |
| | X | GRANTED | | DENIED | | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | REFERENCE |

652507/2023   MALEKAN, MICHAEL vs. MALEKAN, ALBERT ET AL       Page 4 of 4
Motion No. 014

4 of 4